**U. S. MACHINERY MOVERS, Appellant,**

v.

**John P. BELLER, Trustee, Bishop Manufacturing Co., Debtor, Appellee.**

**No. 16396.**

United States Court of Appeals
Eighth Circuit.

June 27, 1960.

Irving Eisenberg, Chicago, Ill., for appellant.

A. L. Wensel, Des Moines, Iowa, for appellee.

Before SANBORN, MATTHES and BLACKMUN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court filed October 26, 1959, affirming an order of the Referee in Bankruptcy of May 13, 1959, disallowing a claim of U. S. Machinery Movers, a copartnership (appellant), filed in Proceedings for the Reorganization of Bishop Manufacturing Co., Debtor. The debtor will be referred to as "Bishop". In its "Proof of Debt," the appellant alleged that Bishop owed it "$1742.50, plus damages and costs," and that "the average due date of said debt is on or about July 23, 1951." The affidavit of Milton Levinson, a partner, in support of appellant's claim, states that the services upon which the claim is based were rendered in July of 1951 in connection with the loading and transporting, within the State of Iowa, of machinery and equipment belonging to Bishop, and that the appellant claimed a statutory lien upon all of the machinery for its services, but had been unable to collect its charges or to establish its lien.

The record on appeal contains copies of the following papers from the files of the District Court of Page County, Iowa, in connection with a replevin action brought by Bishop against appellant and P. & W. Truck Line on July 26, 1951: A writ of replevin issued July 26, 1951, directing the Sheriff of Page County to take a seven and a half ton crane from the appellant and P. & W. Truck Line, and deliver it to Bishop; the petition of Bishop for the writ; the appellant's answer to the petition for the writ; amendments to the petition; the appellant's "Reply to Amended Petition, and Claims for Liens"; Bishop's reply to appellant's answer and to appellant's "Reply to Amended Petition, and Claims for Liens"; the order and decree of the State District Court, filed November 18, 1954, reading in part as follows:

"The Court, now being fully advised in the premises, finds that the defendant, U. S. Machine [Machinery] Movers, was not employed by the plaintiff to dismantle and load the crane which was taken under the writ in the within replevin action; and the Court further finds that the defendant, U. S. Machine [Machinery] Movers, failed to plead or prove any indebtedness due it under the theory of quantum meruit that will give it any lien upon said crane.

"The Court further finds that the plaintiff, Bishop Manufacturing Co., is the owner of said crane and was and is entitled to the immediate possession thereof.

"It is Therefore Ordered By The Court that the plaintiff, Bishop Manufacturing Co., be and it is hereby, granted the immediate possession of said crane, and judgment is hereby entered in favor of the plaintiff and against the defendant for the costs of this action, taxed at $39.14.";

and a supplemental decree of that court, filed November 26, 1954, correcting the name of the appellant.

The record also contains copies of papers from the files of the United States District Court for the Southern District of Iowa in a diversity action brought by

the appellant against Bishop, the P. & W. Truck Line, Ed Hipsley, Sheriff of Page County, Iowa, and Mutual Surety Company of Iowa, seeking a determination that appellant had a lien upon the machinery of Bishop which was loaded and transported in July of 1951; that the P. & W. Truck Line was guilty of conversion in surrendering the machinery to Bishop; that the Sheriff was similarly guilty of conversion; that Bishop was obligated to return the machinery to the appellant, or, in lieu, to pay it the fair market value; and that, if Bishop, the Truck Line and the Sheriff should fail to accord the appellant the relief prayed for, the Mutual Surety Company of Iowa be declared liable on the bond filed in the replevin action. The record contains a copy of an "Order on Pretrial Conference," dated November 14, 1955, reciting certain agreements said to have been reached by the parties in contemplation of having to try the diversity case brought by appellant; and a copy of a judgment filed on the same day dismissing the case for lack of jurisdiction, the necessary amount in controversy being absent.

■ It is apparent that the appellant believes that the court of bankruptcy has jurisdiction to determine not only whether the appellant has a claim against Bishop, provable in the reorganization proceedings, but also whether appellant has causes of action for conversion against the P. & W. Truck Line and the Sheriff of Page County, and a possible contingent claim against the surety which had in 1951 written the replevin bond. In his statement in support of appellant's claim, Milton Levinson asks that the Truck Line, the Sheriff and the Surety Company be made parties defendant in the Court of bankruptcy. We can think of nothing of less concern to that court than whether appellant has enforceable claims against complete strangers to the reorganization proceedings.

The order of the Referee in Bankruptcy disallowing the claim of the appellant was entered May 13, 1959. It reads as follows:

"The claim of U. S. Machinery Movers having been heretofore filed herein in the amount of $1,742.50 plus damages and costs and John P. Beller, trustee of the above debtor, having filed objections thereto and said claim and objections having been duly assigned for hearing by order entered March 11, 1959, in this matter, and said claim and objections now coming on for hearing before the undersigned, and said claimant appearing by its attorney Irving Eisenberg and said trustee appearing in person and by A. L. Wensel his counsel, and the court having heard the evidence and considered the statements of counsel and being fully advised in the premises, finds:

"1. That on the 16th day of November, A. D., 1954, this claim was litigated in the District Court of the State of Iowa in and for Page County and that said claim is now res judicata.

"It Is, Therefore Ordered that the claim of said claimant be disallowed in full."

■ On July 10, 1959, nearly sixty days later, the appellant petitioned the District Court for a review of the Referee's order. This was out of time. The ten days allowed by 11 U.S.C.A. § 67, sub. c, for the filing of a petition for review had not been extended, and therefore the appellant as a matter of right was not entitled to have a review of the Referee's order. However, the District Judge could entertain the appellant's belated petition for review if he saw fit to do so. See Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 152–153, 63 S.Ct. 133, 87 L.Ed. 146; 6 Am.Jur., Bankruptcy, § 1718, page 1529. He did entertain it, and on October 26, 1959, after a hearing, made the following findings:

"1. That the Court has jurisdiction of the parties and subject matter hereto.

"2. That under the laws of the State of Iowa the claimant had no

specific lien for moving machinery since under the Iowa law no lien is given for such services.

"3. That the claimant neither repaired nor improved said machinery.

"4. That it was not the intent of the legislature of the State of Iowa to give the movers of machinery a lien, nor did the claimant have a lien under a bailment theory.

"5. That the ruling of the referee in bankruptcy in this matter was justified under the law and evidence in this case.

"6. That the District Court of the State of Iowa in and for Page County in a replevin action between the same parties held that the claimant was not hired by the debtor to dismantle the crane and move the machinery to Clarinda, Iowa, and that the claimant had no lien for its services; the remedy of the claimant if not satisfied with the ruling of the Iowa District Court was to have appealed.

"7. That the claim of the U. S. Machinery Movers should be disallowed.";

and ordered "that the claim of the U. S. Machinery Movers be and is hereby disallowed and the costs are assessed to said claimant."

We cannot determine from the record on appeal furnished by the appellant whether we have before us exactly the same factual situation upon which the Referee in Bankruptcy based his order, and the identical record which was before the District Judge when he affirmed the Referee and ruled that the claim of the appellant should be disallowed.

Under 11 U.S.C.A. § 67, sub. a (8), it is the duty of referees in bankruptcy to "prepare promptly and transmit to the clerks certificates on petitions for review of orders made by them [the referees], together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits." 6 Am.Jur., Bankruptcy, § 1722, page 1530. Such a certificate or report of a referee is a requisite for review of an order made by him.

From the Clerk's "Relevant Docket Entries" in the record on appeal, it appears that on August 6, 1959, the Referee filed a "Certificate on Petition for Review," which we must assume related to the petition filed by appellant, since it would otherwise be an irrelevant docket entry. The Referee's certificate is not found in the record. The appellant's record on appeal is deficient in that regard.

Order 47 of the General Orders in Bankruptcy, 11 U.S.C.A. foll. § 53, requires that the report of a referee shall contain his findings of fact and conclusions of law, and that the judge shall accept the referee's findings of fact unless clearly erroneous. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., (which, by virtue of General Order in Bankruptcy 37, is applicable to proceedings under the Bankruptcy Act) requires that the court shall find the facts specially and state its conclusions of law thereon. Our understanding is that a district judge, called upon to review a referee's order, is entitled to have from the referee an adequate and accurate statement of the facts and the law upon which he relied in making his order. It is also our understanding that, when an appeal is taken from an order such as that here involved, this Court must have a record which discloses the exact factual and legal basis for the order under review. See and compare, In re Rockford Baseball Club, Inc., 7 Cir., 201 F.2d 685; In re Cesari, 7 Cir., 217 F.2d 424, 427–428.

From the record before us, we have no hesitation in saying that the conclusion of the Referee and of the District Judge that, under Iowa law, the appellant had, and has, no lien upon the machinery and equipment it loaded and transported in July, 1951, was a permissible one. It does not conclusively appear, from the record as presented, that the appellant may not have been entitled to the allowance of an unsecured general

claim, assuming that the claimed services rendered Bishop in 1951 were at its request. The burden of demonstrating error is upon the appellant and not upon the trustee for the debtor. The Referee and the District Judge are both of the opinion that the judgment of the District Court of Page County, although it dealt with services rendered with respect to only part of the machinery transported by appellant in July of 1951, was res judicata of the issue of the appellant's having been employed by Bishop to render services in respect of the loading and transportation of all the machinery of Bishop. We find no adequate basis for a ruling that the appellant has any allowable claim, and no justification for remanding the case for further proceedings.

The order appealed from is affirmed.