**ICMR, INC., Alleged Debtor/Appellant,**

**v.**

**TRI–CITY FOODS, INC., Petitioning Creditor/Appellee.**

**ICMR OF IOWA, INC., Alleged Debtor/Appellant,**

**v.**

**TRI–CITY FOODS, INC., Petitioning Creditor/Appellee.**

**Nos. 88–1613–K, 88–1614–K.**

United States District Court, D. Kansas.

April 18, 1989.

---

James D. Oliver, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for debtor/appellant.

Terry Paup, Don W. Bostwick, Adams, Jones, Robinson & Malone, Wichita, Kan., for creditor/appellee.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

The debtors in two consolidated involuntary bankruptcy cases appeal from the bankruptcy court's denial of debtors' motion to dismiss for lack of venue, or in the alternative, to transfer the cases to the District of Iowa.

The court heard oral argument on this appeal on March 17, 1989, and at that time announced its ruling. Consistent with its statements at that time and for the reasons set forth herein, the court reverses the bankruptcy court's decision and further orders the transfer of these cases to the United States Bankruptcy Court for the District of Iowa.

In reviewing the findings of the bankruptcy court, this court may set aside findings of fact only if they are clearly erroneous. Conclusions of law, however, are subject to *de novo* review. *In re Blehm Land & Cattle Co.*, 859 F.2d 137 (10th Cir.1988); *In re Herd*, 840 F.2d 757, 759 (10th Cir.1988).

The debtors, ICMR, Inc. ("ICMR") and its wholly-owned subsidiary ICMR of Iowa, Inc. ("ICMR of Iowa"), are both Delaware corporations. Each maintained its principal place of business in Des Moines, Iowa. For several years, and for the greater part of the 180 days preceding the petitions in bankruptcy, ICMR of Iowa owned and operated three restaurants in Iowa and one in Illinois. Overall management of the restaurants was handled from corporate offices in Des Moines. The various officers of the company resided in several states, including Iowa, Pennsylvania and California. The treasurer/assistant secretary, Lawrence Oeding, resided in Wichita, Kansas.

Neither ICMR nor ICMR of Iowa ever conducted any business or held any meetings in Kansas. However, ICMR of Iowa purchased restaurant facilities on contract from the petitioning creditor, Tri-City Foods, Inc. ("Tri-City"), and ICMR guaranteed the purchase agreement.

As of mid-June, 1987, the debtors were current on all purchase payments to Tri–

City but had ceased operation of the restaurant and made numerous transfers of corporate assets. Deeming itself unsecure, Tri–City accelerated the unpaid obligation under the purchase agreement and demanded payment. On June 18, 1987, Tri–City filed involuntary petitions in bankruptcy against ICMR and ICMR of Iowa seeking an involuntary adjudication of these companies under Chapter 7 of the Bankruptcy Code. After the petitions were filed, the records of the debtors were moved to Wichita, Kansas.

The debtors subsequently filed a motion to dismiss, arguing venue was improper in this district. In a memorandum of decision dated September 28, 1988, Judge Pearson found that while the venue of the cases properly belonged in Iowa in 1987, "[t]he remedy for improper filing in this district is unclear." (Memorandum of Decision, p. 5.) Judge Pearson concluded that "the convenience of the parties justifies retention of the cases here for trial on the merits of the involuntary petitions." (Memorandum of Decision, p. 7.)

The debtors have appealed from this ruling.

■ Before considering the merits of the debtors' appeal, the court must first address Tri–City's contention that this court should not exercise its discretion to grant debtors leave to appeal the bankruptcy court's interlocutory order.

Pursuant to 28 U.S.C. § 158(a), an interlocutory order from the bankruptcy court is appealable "with leave of the court." Tri–City urges the court to deny the debtors leave to appeal on the ground the debtors have failed to meet the conditions necessary to appeal an interlocutory order. Tri–City contends that in determining whether to permit an appeal from an interlocutory bankruptcy order, the district court must "apply the body of decisional law under 28 U.S.C. § 1292(b)." That statute provides that an interlocutory order of the district court which is not otherwise appealable may be appealed if (1) the district court certifies in writing that such order involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation; and (2) if the Court of Appeals, in its discretion, permits an appeal to be taken from such order.

The debtors, however, maintain that interlocutory appeals from venue orders in bankruptcy cases may be taken without consideration of the factors generally considered under 28 U.S.C. § 1292(b). They contend that § 1292 applies only to interlocutory decisions made by the district court in the first instance.

This court recently ruled on a similar issue in *In re Steele*, No. 88–1288, —— B.R. ——, (D.Kan. Oct. 21, 1988). In *Steele*, the debtors appealed from Judge Pusateri's order transferring venue of the case from Topeka to Wichita. In upholding the order of intradistrict transfer, this court initially determined that while venue orders generally are interlocutory in nature, they are appealable under 28 U.S.C. § 158(a). In so holding, the court relied on the reasoning of a leading bankruptcy treatise:

> The discretion of the district court or appellate panel [to permit interlocutory appeals of orders changing venue] should be more readily obtained when an order regarding the venue of the title 11 case is concerned than in an appeal from a venue order in a civil proceeding. Unlike a civil proceeding in which the order regarding venue can be appealed at the conclusion of the proceeding, there is a very small chance of success on an appeal which is taken after the title 11 case has been administered and closed, which may be the only time when the order regarding venue becomes a final order. The appellate panel or district court should recognize this, and be more inclined to grant the interlocutory appeal when a motion regarding venue of the case is involved.

1 COLLIER ON BANKRUPTCY ¶ 3.02[4][f] (L. King 15th ed. 1988).

Thus, in considering when to permit an appeal from the interlocutory order of the bankruptcy court, the district court need not consider the various factors considered

by the district court in determining whether to certify an interlocutory appeal to the circuit court.

Accordingly, the court will permit the debtors leave to appeal.

The court must next consider whether the bankruptcy court improperly retained the cases in this district, in light of its holding that venue does not lie here.

■ Venue in bankruptcy cases is governed by 28 U.S.C. § 1408, which provides that venue is proper in the district in which the debtor is domiciled, resides, or has its principal place of business, or its principal assets for the greater portion of 180 days preceding bankruptcy.

It is uncontroverted that in this case the debtors' principal place of business and principal assets were located in Iowa for the greater portion of the 180 days preceding bankruptcy. Thus, as Judge Pearson recognized, at the time the bankruptcy petitions were filed, venue did not lie in Kansas.

Since venue does not lie in this district, the issue becomes whether Judge Pearson had any authority to retain the case.

■ When venue is improper, the powers of the district court are set forth in 28 U.S.C. § 1406(a) as follows:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

(Emphasis added).

The rule of § 1406(a) is reflected in subsection (a)(2) of Bankruptcy Rule 1014, which provides as follows:

(2) *Cases filed in Improper District.* If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

(Emphasis added).

That Bankruptcy Rule 1014 was intended to conform to 28 U.S.C. § 1406 is reflected by the advisory committee note to the amended rule which specifically states that both paragraphs (1) and (2) of subdivision (a) of Rule 1014 were amended to conform to the standard for transfer in 28 U.S.C. § 1412, and the standard for dismissal or transfer of a case filed in an improper district provided in 28 U.S.C. § 1406. Under the Rule, there is only one situation in which a court may retain an improperly filed case—when no party in interest timely objects to venue. 8 COLLIER ON BANKRUPTCY ¶ 1014.05 (L. King 15th ed. 1988).

■ The version of Bankruptcy Rule 1014 quoted above became effective August 1, 1987, approximately six weeks after this case was filed. Prior to the amendment, the rule provided that a case filed in an improper district could be dismissed, retained or transferred. However, Judge Pearson specifically recognized that the amended rule became applicable to all pending cases.

Despite the bankruptcy court's recognition that under the applicable rule it had only two options—i.e., to either dismiss or transfer the case, the court chose to retain the case for "the convenience of the parties." This ruling was clearly improper in light of the specific language of Bankruptcy Rule 1014 and 28 U.S.C. § 1406, and the bankruptcy court's decision retaining jurisdiction is therefore reversed. The court further orders transfer of these cases to the United States Bankruptcy Court for the District of Iowa.

IT IS ACCORDINGLY ORDERED this 18th day of April, 1989, that the bankruptcy court's order retaining jurisdiction of these involuntary bankruptcy cases is reversed and the cases are transferred to the United States District Court for the District of Iowa.