**In re Jeffrey Steven FISHMAN.**

**Bankruptcy No. 96–42932 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 31, 1997.

Douglas Adams, N. Little Rock, AR, for Debtor.

Charles Coleman, Little Rock, AR, for Creditor.

Richard Ramsay, Trustee, Little Rock, AR.

## ORDER DENYING MOTION FOR RECONSIDERATION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Debtor's Motion for Reconsideration filed on January 3, 1997, to which a creditor responded on January 9, 1997. The debtor filed this Chapter 7 bankruptcy case on Au-

gust 2, 1996.[1] After motions were filed which evidenced an intent by the debtor's former wife, Linda Bilandzic, to file an objection to discharge or dischargeability, the debtor sought to dismiss his case for improper venue. Hearing on the motion to dismiss was held in December 1996, at which time the debtor testified that he moved to Arkansas during the third week of April 1996. Accordingly, he was domiciled in Arkansas for approximately 115 days prior to the time he filed his bankruptcy case. At the conclusion of the hearing, the Court made oral findings of fact and conclusions of law, Fed. R.Bankr.Proc. 7052, and denied the debtor's motion to dismiss. The Order reflecting the oral ruling was entered on December 27, 1996. The debtor timely moves for reconsideration of the denial of the motion to dismiss. The motion will be denied for two reasons.

First, venue is proper in this district. Venue in bankruptcy cases lies in the district court in which

> the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, *or for a longer portion of such one-hundred-and-eighty-day period* than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

28 U.S.C. § 1408(1) (emphasis added). The meaning of this statute is plain. If the debtor lived in Arkansas for the greater part of the 180 days preceding August 2, 1996, than in any other state, then venue is proper in the Eastern District of Arkansas. The testimony at trial was equally plain: the debtor resided in Arkansas for at least 115 days prior to the time the bankruptcy case was filed. The Court must conclude, therefore, that he lived in Arkansas for a longer portion of that 180 days than in any other state. Venue is therefore proper in this district.

---

1. The debtor, who filed the case *pro se,* is an attorney but no longer has a license to practice law.

Secondly, even were venue improper, there is a clear waiver of any right to object to the improper venue. Lack of venue over a proceeding may be waived either by consent or conduct of a party. *Lomanco, Inc. v. Missouri Pacific Railroad Co.,* 566 F.Supp. 846, 849 (E.D.Ark.1983) (Roy, J.). By filing his bankruptcy case in this district the debtor waived any right to assert the impropriety of venue. *Cf. Longo v. McLaren (In re McLaren),* 3 F.3d 958 (6th Cir.1993) (by filing Chapter 7 bankruptcy petition debtor voluntarily submits to bankruptcy jurisdiction such that he has no right to jury trial). It is nothing less than bizarre that the debtor now "objects" to his own choice of venue. The debtor not only initiated this case, he filed schedules and attended the section 341(a) meeting, thereby pursuing the bankruptcy case. It was only when a creditor appeared and initiated a contested matter did the debtor seek to dismiss his case. It has long been held that, by proceeding with a case, a party waives any right to object to venue. *See In re Smith Jones, Inc.,* 13 B.R. 804, 807 (Bankr.N.D.Tex.1981) ("Failure to timely raise the objection works as a waiver of the objection. Where, as here, defendant proceeds first to challenge the merits of the case and thereafter objects to improper venue it comes too late."). Based upon the foregoing, it is

**ORDERED:** that the Debtor's Motion for Reconsideration filed on January 3, 1997, to which a creditor responded on January 9, 1997, is DENIED.

**IT IS SO ORDERED.**