**United States Bankruptcy Appellate Panel**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-6060

_____

In re:                                              *
                                                    *
John E. Land, Mary Connie Land,                     *
                                                    *
            Debtors                     *

----------------------------------------------------------------------

Dan Bryan; Sharon Bryan; Bryan                      *
Broadcasting, Inc.,                         *
                                            *
            Creditors - Appellants,   *    Appeal from the United States
v.                                      *    Bankruptcy Court for the
                                        *    Northern District of Iowa
John E. Land, Mary Connie Land,                     *
                                        *
            Debtors - Appellees               *

_____

Submitted: October 22, 1997
Filed:  December 19, 1997

_____

Before KOGER, WILLIAM A. HILL, and SCHERMER, Bankruptcy Judges

KOGER, Chief Bankruptcy Judge

Dan Bryan, Sharon Bryan and Bryan Broadcasting, Inc. appeal from the bankruptcy court's order entered on June 24, 1997, in which the court denied the appellants' Motion to Dismiss or to Change Venue and their Motion to Set Aside and to Vacate Judgment and Order of Confirmation, for Extension of Time to Appeal, and for Other Relief.

FACTS

On April 7, 1997, John and Mary Land, husband and wife, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Iowa. Despite declaring under penalty of perjury that they had been domiciled or had a residence, principal place of business, or principal assets in the Northern District of Iowa for 180 days immediately preceding the date of the bankruptcy petition or for a longer part of such 180 days than in any other district, counsel for the Lands admitted at a hearing held on June 3, 1997, that venue was proper only in the Southern District of Iowa and that the Lands had filed in the Northern District of Iowa for their convenience. In their bankruptcy schedules, the Lands listed Dan Bryan as a creditor holding an unsecured nonpriority claim based upon his role as a co-signor for a loan from State Central Bank. The amount of the claim was shown as zero, and as contingent, unliquidated and disputed. In the mailing matrix, the Lands listed Dan Bryan's address as Sherwood Oaks, Carthage, Illinois 62321. Although Dan Bryan's spouse, Sharon Bryan, was also a creditor of the Lands as a result of a mortgage executed by the Lands in favor of Dan Bryan and Sharon Bryan, the Lands did not list Sharon Bryan as a creditor in their schedules filed on April 7, 1997. In the mortgage, the address of the Bryans was shown as Sherwood Oaks, Carthage, Illinois 62321. Bryan Broadcasting, Inc. is the Bryans' wholly-owned business and is a defendant, along with the Bryans, in a state court lawsuit filed by the Lands arising out the sale of a radio station by Bryan Broadcasting, Inc., Dan Bryan and Sharon Bryan to the Lands' business, Landmark Broadcasting, Inc. Bryan Broadcasting, Inc. and the Bryans may be creditors of the Lands based upon claims or counterclaims they may file in the pending state court action. On or about May 25, 1997, the Lands did amend

2

their bankruptcy schedules to include Bryan Broadcasting, Inc. and Dan and Sharon Bryan, each with an address of P.O. Box 485, Carthage, Illinois 62321.

A notice of the Lands' bankruptcy filing; the date, time and location of the meeting of creditors; the deadline to file a proof of claim; the bar date for filing objections to confirmation of the plan; and the date, time and place of the hearing on confirmation was mailed to each creditor at the address shown on the mailing matrix. The section 341 meeting of creditors and the confirmation

3

hearing were both held on May 6, 1997, at 12:00 p.m. and 1:30 p.m., respectively. The bankruptcy court confirmed the Lands' Chapter 13 plan, without objection. The order confirming the plan was filed on May 12, 1997.

On May 6, 1997, after the 1:30 p.m. confirmation hearing, Dan Bryan, Sharon Bryan and Bryan Broadcasting, Inc. filed a Motion to Dismiss or to Change Venue. On May 14, 1997, Dan Bryan, Sharon Bryan and Bryan Broadcasting, Inc. filed a Motion to Set Aside and to Vacate Judgment and Order of Confirmation, for Extension of Time to Appeal, and for Other Relief. Subsequently, on May 19, 1997, the appellants filed an amendment to the May 14 motion in which they stated that the address for Dan Bryan was incomplete, and asserted that neither Dan Bryan, Sharon Bryan nor Bryan Broadcasting, Inc. received notice of the Lands' bankruptcy filing. The bankruptcy court held a hearing on the motions on June 3, 1997. The bankruptcy court denied both motions. In its order the bankruptcy court found and concluded in relevant part that:

> Evidence was presented that the Bryans' attorney contacted the Lands' attorney on April 16, 1997 regarding the bankruptcy of the Lands. This was six days after the notices were mailed by the Clerk. Mr. Bryan testified that upon learning of the bankruptcy he had to "find Mr. Lam as an attorney", as he had no bankruptcy attorney. Mr. Bryan contacted Mr. Lam, who now represents all three Bryan parties, sometime prior to the April 16, 1997 phone call by Mr. Lam to the Lands' attorney. Mr. Bryan also testified that he is sure he contacted Mr. Lam prior to that date.

> There was testimony that Mr. Bryan may have heard of the Lands' bankruptcy through one of his other attorneys during depositions in a collateral case. Whether coincidental or not, he became aware of the Lands' Chapter 13 petition and began to act on that information at the same time the notices from the court were delivered.

4

. . . .

Mr. Bryan had notice of the bankruptcy proceeding in question and began to act on that information exactly as if he had received notice by mail. Mr. Bryan contacted an attorney to deal with bankruptcy issues at Mr. Bryan's request at least 20 days prior to the objection bar and confirmation hearing date. The Court concludes that Mr. Bryan had adequate notice of the Lands' bankruptcy.

It is notable that the appellants do not appeal from the bankruptcy court's determination that Dan Bryan had actual notice of the Lands' bankruptcy filing at least 20 days prior to the date set for the confirmation hearing, nor do they appeal from the bankruptcy court's factual findings supporting its ruling.

Regarding Sharon Bryan's notice of the Lands' bankruptcy filing, the bankruptcy court found and concluded that:

> Sharon Bryan and Dan Bryan live together as husband and wife. Mr. Bryan testified that they see each other every day and that he would discuss with Mrs. Bryan matters of an important nature of which he became aware. The bankruptcy of individuals who presumably owe them a substantial debt would qualify as a matter of importance. Mrs. Bryan has retained the same attorney as Mr. Bryan to represent her in relation to the Lands' bankruptcy. That attorney received notice of the Lands' bankruptcy from Mr. Bryan at least 20 days prior to the hearing date.

> This Court has concluded that Mr. Bryan received timely notice of the Lands' bankruptcy proceeding. "[T]he normal relationship between spouses being close, Congress could well consider that receipt of the notice by either spouse would be well calculated to give actual notice to both, even though one spouse may be temporarily absent." Cohen v. United States, 297 F.2d 760, 773 (9th Cir. 1962). In Cohen, a prosecution for income tax evasion, Mr. Cohen was temporarily away, in prison. He nevertheless was deemed to have received notice when his wife was served at their permanent address. Neither of the Bryans have claimed absence from the family home. Mr. Bryan's testimony, the advisory language of Congress, and Cohen, when considered together, convince this Court that notice to Mr. Bryan [sic] was adequate.

> In the case of In re Texaco Inc., 182 B.R. 937 (Bankr. S.D.N.Y. 1995), a Chapter 11 case, adjacent landowners were found to have received actual "Notice by mail of the Bar Date" for the filing of proofs of claim, by reason of their relationships to five other landowners to whom notice was actually mailed. The parties in question in Texaco were related to some lesser degrees (sister-in-law, e.g.) to parties to whom notice had

6

actually been mailed. <u>Id</u>. at 954. This provides further support that the Lands' position that Mr. Bryan's notice provided either actual or imputed notice to Mrs. Bryan by virtue of their marital relationship, living arrangement, and the testimony of Mr. Bryan.

The bankruptcy court also observed and found that Sharon Bryan "was a party to the Motion to Dismiss or to Change Venue which was filed late on the date of the confirmation hearing." It is important to note that the appellants do not appeal from the bankruptcy court's factual findings supporting its legal conclusion that Dan Bryan's actual notice of the Lands' bankruptcy filing could be imputed to Sharon Bryan.

The bankruptcy court did not spend much time on the venue issue. In relevant part, the bankruptcy court stated that no objections to venue were made prior to the confirmation hearing and found that the motion filed subsequent to confirmation was not timely filed.

JURISDICTION

We must address the issue of whether the bankruptcy appellate panel has jurisdiction to hear the appeal in this case. The appellants timely filed a notice of appeal on July 1, 1997. See Fed. R. Bankr. P. 8002(a). The bankruptcy court's denial of the appellants' motion to set aside the order confirming the debtors' plan is a final order over which the bankruptcy appellate panel unquestionably has appellate jurisdiction. See KCC-Leawood Corporate Manor I v. Travelers Ins. Co., 117 B.R. 969, 972 (W.D. Mo. 1989) ("Confirmation of a plan is a final order for purposes of an appeal.").

The inquiry over whether we may exercise jurisdiction in this case arises in the context of the bankruptcy court's order denying the motion to change venue. Although the denial of a motion to change venue is interlocutory in nature, it has been held to be appealable under 28 U.S.C. § 158(a). See ICMR, Inc. v. Tri-City

8

<u>Foods, Inc.</u>, 100 B.R. 51, 53 (D. Kan. 1989).  In <u>ICMR, Inc.</u> the district court, quoting 1 Collier on Bankruptcy ¶ 3.02[4][f] (L. King 15th ed. 1988), opined:

> The discretion of the district court or appellate panel [to permit interlocutory appeals of orders changing venue] should be more readily obtained when an order regarding the venue of the title 11 case is concerned than in an appeal from a venue order in a civil proceeding.  Unlike a civil proceeding in which the order regarding

venue can be appealed at the conclusion of the proceeding, there is a very small chance of success on an appeal which is taken after the title 11 case has been administered and closed, which may be the only time when the order regarding venue becomes a final order. The appellate panel or district court should recognize this, and be more inclined to grant the interlocutory appeal when a motion regarding venue of the case is involved.

ICMR, Inc., 100 B.R. at 53. We choose to follow the guidance provided by the district court in ICMR, Inc. and determine that we have jurisdiction to rule on the bankruptcy court's order denying the motion to change venue.

For practical reasons it is appropriate for us to exercise appellate jurisdiction now over the denial of the motion to change venue. If we fail to do so, the Lands' Chapter 13 case will run its course, the bankruptcy court may issue rulings during the pendency of the case, dividends will be paid to the creditors, and the Chapter 13 trustee will be paid the percentage fee. After the case has been administered and closed, the appellants could bring an appeal from the bankruptcy court's order denying the motion to change venue. If they are successful at that time in their assertion that venue was improper from the inception of the case, the bankruptcy court will be required to order and oversee the recovery of the dividends paid to the creditors and the fee paid to the Chapter 13 trustee, vacate any orders entered in the case, then transfer the case to the Southern District of Iowa for the entire process to begin anew. This would certainly defeat the promotion of the efficient use of judicial resources, and frustrate the expectations of the debtors, their creditors and the Chapter 13 trustee.

Further, exercising jurisdiction over the denial of the motion to change venue also comports with the three-part test for

10

determining whether a bankruptcy decision is final that is set forth in <u>Lewis v. U.S., Farmers Home Admin.</u>, 992 F.2d 767, 772 (8th Cir. 1993).  Here, the order leaves the bankruptcy court with nothing to do but to execute the order; delay in obtaining review would prevent the appellants from obtaining effective relief; and a later reversal on the issue of venue would possibly require recommencement of the entire bankruptcy case.  <u>See</u> <u>Lewis</u>, 992 F.2d at 772.

11

See also <u>Moix-McNutt v. Coop</u>, 212 B.R. 953, 954 (B.A.P. 8th Cir. 1997). "[T]he test for finality in the bankruptcy area is more liberal than in nonbankruptcy proceedings." <u>Lewis</u>, 992 F.2d at 772. "'[F]inality for bankruptcy purposes is a complex subject . . . [and courts deciding appealability questions] must take into account the peculiar needs of the bankruptcy process.'" <u>In re Koch</u>, 109 F.3d 1285, 1287 (8th Cir. 1997) (quoting <u>In re Huebner</u>, 986 F.2d 1222, 1223 (8th Cir. 1993)).

<u>ISSUES RAISED ON APPEAL</u>

The appellants raise two points on appeal. First, whether a motion to change venue filed within twenty-nine days of the petition is timely pursuant to 28 U.S.C. § 1408 and Fed. R. Bankr. P. 1014(a)(2). Second, whether notice of the bankruptcy filing may be imputed to Sharon Bryan.

<u>STANDARD OF REVIEW ON APPEAL</u>

Whether the appellants' motion to change venue was timely filed under Fed. R. Bankr. P. 1014(a)(2) involves a question of fact and the bankruptcy court's ruling on this matter shall not be set aside unless clearly erroneous. See <u>First Nat'l Bank v. Allen</u>, 118 F.3d 1289, 1294 (8th Cir. 1997); Fed. R. Bankr. P. 8013. A bankruptcy court's finding of fact is clearly erroneous when the reviewing court is left with a "'definite and firm conviction that a mistake has been committed.'" <u>In re Waugh</u>, 95 F.3d 706, 711 (8th Cir. 1996) (quoting <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985)). The appellant bears the burden of proving that the bankruptcy court's determination was clearly erroneous. <u>U.S. Machinery Movers v.</u>

12

Beller, 280 F.2d 91, 95 (8th Cir.), cert. denied, 364 U.S. 903, 81 S. Ct. 236, 5 L. Ed. 2d 195 (1960).

Whether notice of the Lands' bankruptcy filing may be imputed to Sharon Bryan involves a question of law over which the bankruptcy appellate panel exercises de novo review. See First Nat'l Bank, 118 F.3d at 1294.

DISCUSSION

I.  Whether the motion to change venue was timely filed.

The proper venue in which to file a bankruptcy case is set out in section 1408 of the Judicial Code, which states in relevant part that:

> [A] case under title 11 may be commenced in the district court for the district--
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

28 U.S.C. § 1408(1).

Federal R. Bankr. P. 1014(a)(2) provides that:

> If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(2).

If venue is not proper in a district, upon the filing of a timely motion to change venue a bankruptcy court is without authority to retain the bankruptcy case.  McCall, 194 B.R. at 593. See also ICMR, Inc., 100 B.R. at 54.  However, "[i]f a timely

14

motion to dismiss for improper venue is not filed, the right to object to venue is waived." Fed. R. Bankr. P. 1014, Advisory Committee Note (1987), reprinted in Norton Bankruptcy Rules Pamphlet 1996-1997 Edition, p.50. "What constitutes a timely filing of such a motion is not governed by a statutory or rule definition." McCall, 194 B.R.

15

at 592.  Whether a motion to change venue has been timely filed depends on the facts and circumstances presented in the particular case.  See McCall, 194 B.R. at 593.

There is no question that venue is improper in this case.  However, the factual findings of the bankruptcy court support its conclusion that Dan Bryan did not timely file the motion to change venue.  The findings of fact are not clearly erroneous.  The uncontested evidence shows that Dan Bryan contacted an attorney at least 20 days prior to the date set for the confirmation hearing and the date set for filing objections to confirmation.  The attorney contacted the Lands' attorney on April 16, 1997, regarding the Lands' bankruptcy filing.  Dan Bryan became aware of the Lands' bankruptcy about the same time the notice from the clerk's office was delivered to creditors.  Dan Bryan had actual notice of the Lands' bankruptcy filing and began to act on that information by contacting an attorney who then contacted the Lands' attorney 21 days before the confirmation hearing.  Although he had actual notice of the Lands' bankruptcy filing and plenty of time in which to act, Dan Bryan failed to file the motion to change venue and failed to file objections to confirmation of the Lands' Chapter 13 plan prior to the confirmation hearing.  After confirmation Dan Bryan sought to undo all that had been done by filing his tardy motion to change venue and subsequently filing a motion to vacate the order of confirmation in which he likewise tardily raised objections to confirmation of the plan.  The evidence shows that Dan Bryan failed to timely file the motion to change venue, and that Dan Bryan untimely filed objections to confirmation of the Lands' Chapter 13 plan.

Whether Sharon Bryan timely filed the motion to change venue and timely raised objections to confirmation in the motion to set

16

aside the confirmation order depends upon whether notice of the bankruptcy filing may be imputed to her.

II. <u>Whether notice of the Lands' bankruptcy filing may be imputed to Sharon Bryan.</u>

Sharon Bryan did not testify at the hearing on the motion to change venue and motion to set aside the confirmation order, and Dan Bryan did not testify that he told his wife about the Lands'

bankruptcy filing. Although the bankruptcy court imputed notice of the Lands' bankruptcy filing to Sharon Bryan based upon Dan Bryan's actual notice, we determine that the bankruptcy court's ruling must be affirmed because notice or knowledge of the Lands' bankruptcy filing clearly is imputable to Sharon Bryan as a matter of law based upon the attorney-client/agent-principal relationship with her attorney, Eric W. Lam.

The bankruptcy court found that the attorney whom Dan Bryan contacted prior to April 16, 1997, Eric W. Lam, now represents all three Bryan parties; that Sharon Bryan has retained the same attorney as Dan Bryan to represent her in relation to the Lands' bankruptcy; that the attorney received notice of the Lands' bankruptcy from Dan Bryan at least 20 days prior to the date set for the hearing on confirmation; and that Sharon Bryan was a party to the motion to change venue that was filed late on the date of the confirmation hearing. Although the bankruptcy court did not impute notice of the Lands' bankruptcy filing to Sharon Bryan based upon her attorney-client relationship with Lam, the factual findings of the bankruptcy court support such a legal conclusion.

Specifically, the bankruptcy court found that Sharon Bryan had retained Lam to represent her in relation to the Lands' bankruptcy. An attorney is considered to be an agent for his or her client. See Cheriogotis, 188 B.R. at 999; Dillon v. City of Davenport, 366 N.W.2d 918, 923 (Iowa 1985). The attorney-agent's knowledge is imputable to the client-principal. See In re Felberman, 196 B.R. 678, 684-85 (Bankr. S.D.N.Y. 1995). Further:

> The rule in Iowa is that knowledge acquired by an agent before the commencement of the relationship of principal and agent is imputable to the principal if the knowledge is present in the mind of the agent while acting for the principal in a transaction to which the information is

18

material.

*Curran Hydraulic Corp. v. National-Ben Franklin Ins. Co. Of Illinois*, 261 N.W.2d 822, 826 (Iowa 1978).  "'Except for knowledge acquired confidentially, the time, place, or manner in which knowledge is acquired by a servant or other agent is immaterial in determining the liability of his principal because of it.'" *Id.* (quoting Restatement (Second) of Agency § 276).

"The relationship of principal and agent is not dependent upon express agreement between the parties. It may be implied from either words or conduct of the parties, depending on the circumstances of the case." Wyckoff v. A & J Home Benevolent Ass'n of Creston, Iowa, 119 N.W.2d 126, 128 (Iowa 1962). In Kurtenbach v. TeKippe, 260 N.W.2d 53, 56 (Iowa 1977), the Supreme Court of Iowa stated that an attorney-client relationship is created when:

> (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance.

In this case, an attorney-client/agent-principal relationship was created between Lam and Sharon Bryan upon which notice of the Lands' bankruptcy may be imputed as a matter of law to Sharon Bryan. Accordingly, Sharon Bryan failed to timely file the motion to change venue, and failed to timely raise objections to confirmation of the Lands' Chapter 13 plan.

### CONCLUSION

We determine that it is appropriate to exercise appellate jurisdiction over both the bankruptcy court's denial of the motion to change venue and motion to set aside the confirmation order. The evidence supports the bankruptcy court's factual finding that Dan Bryan failed to timely file the motion to change venue, and failed to timely file objections to confirmation of the Lands' Chapter 13 plan. Notice or knowledge of the Lands' bankruptcy filing clearly is imputable to Sharon Bryan as a matter of law based upon the attorney-client/agent-principal relationship with Lam. As a result, Sharon Bryan likewise failed to timely file the motion to change venue and failed to timely object to confirmation

20

of the Lands' Chapter 13 plan.  Accordingly, the decision of the bankruptcy court is affirmed.

SCHERMER, Bankruptcy Judge, dissenting.

I respectfully dissent. Because there is no final order of the bankruptcy court, we lack jurisdiction to address the merits of this appeal.

This court must first decide whether the bankruptcy court's order is final for purposes of 28 U.S.C. § 158(a). This circuit has "traditionally considered three factors in determining when an order in a bankruptcy case is final: the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief: (3) the extent to which a later reversal on that issue would require recommencement of the entire proceeding." In re Koch, 109 F.3d 1285, 1287 (8th Cir. 1997). As the majority noted, the order of the bankruptcy court denying a change of venue is interlocutory. Only the third factor weighs in favor of appealability in this case.

Although our circuit has not yet determined whether an order denying a change of venue is an appealable order, other circuits have held it is not. See Blankenship v. Am. Sav. & Loan Assoc., 871 F.2d 1087, No. 89-5075, 1989 WL 27812 (6th Cir. (Ky.) March 24, 1989) (stating this court has no jurisdiction over an interlocutory appeal from an order denying leave to appeal or, from orders transferring venue (citations omitted); Dalton v. United States, 733 F.2d 710, 714 (10th Cir. 1984) (holding it is "[a]lso well-established . . . that an order transferring venue of an action, even if the transfer is to a district in another circuit, is an interlocutory order and unappealable, except by certification under 28 U.S.C. § 1292(b)"). Section 1292(b) allows for immediate appeal

22

when an order of the district court "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate determination of the litigation."  28 U.S.C. § 1292(b).

Authority for the majority opinion is based upon Collier on Bankruptcy ¶ 3.02 [4][f] (L. King 15th ed. 1988).  This treatise suggests that courts should be more lenient granting interlocutory appeals than the standard followed under § 1292(b) when a request for change of venue has been

made.  Venue decisions are usually fact specific to the case at hand.  "Thus they are generally not 'controlling questions of law' as that term is used in § 1292(b), but rather are discretionary determinations.  Such discretionary orders are not of the type from which interlocutory appeals are generally taken."  K-Mart Corp. v. Swann Ltd. Partnership, 128 B.R. 138, 140 (D. Md. 1991) (citations omitted).

A true copy.

Attest:

EIGHTH                CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE

CIRCUIT

24