In re Marilyn M. MOSS, Debtor.

Steven C. Block, Trustee, Plaintiff,

v.

Citizens Bank, et al., Defendants.

Steven C. Block, Trustee, Plaintiff,

v.

Prudential Securities, et al., Defendants.

Steven C. Block, Trustee, Plaintiff,

v.

Marilyn M. Moss, Defendant.

Bankruptcy No. 98–43272–1.
Adversary Nos. 99–4200–1,
99–4203–1, 00–4058–1.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

June 6, 2000.

---

---

Steven C. Block, Kansas City, MO, for Plaintiff.

Marilyn M. Moss, pro se.

### *MEMORANDUM OPINION AND ORDER*

JERRY VENTERS, Bankruptcy Judge.

The Debtor, Marilyn M. Moss, has filed three pleadings [1] asserting that venue in her bankruptcy case and the related adversary proceedings is not proper in the

---

**1.** Due to the importance of this issue and the Debtor's presentation of her argument, the Court allowed the Debtor's motions to be filed and will rule on the motions, notwithstanding the Court's appointment of a Limited Guardian for the Debtor and the Court's earlier orders directing the Debtor to refrain from filing *pro se* pleadings with the Court.

202

Western District of Missouri: On April 17, 2000, she filed a pleading entitled, "Motion For Order Amending Petition and Motion for Change of Venue," on April 19, 2000, she filed a pleading entitled, "Motion for Order Dismissing Chapter 7 Case and Adversary Proceedings for Lack of Jurisdiction and Venue," and on May 23, 2000, she filed a pleading in Adversary Case Number 00–4058–1 (Complaint Objecting to Discharge), entitled "Motion to Dismiss and Motion to Strike Complaint." The Court took up the first two motions at a hearing on May 17, 2000, at the Federal Courthouse in Kansas City, Missouri. At the conclusion of the portion of the hearing dedicated to those two motions, the Court announced its decision that venue is proper in the Western District of Missouri and denied both motions accordingly.

As announced in open court and for the following reasons, the Court will deny (1) the Debtor's Motion For Order Amending Petition and Motion for Change of Venue, (2) the Debtor's Motion for Order Dismissing Chapter 7 Case and Adversary Proceedings for Lack of Jurisdiction and Venue and (3) Motion to Dismiss and Motion to Strike Complaint.[2] Because all three of these motions are substantially the same, the Court addresses them all in this Order. Additionally, because venue will be proper in the adversary proceedings if venue is determined to be proper in the main bankruptcy case, 28 U.S.C. § 1409(a), we limit our discussion to the issue of venue for the main bankruptcy case.

 "Venue is presumed to be proper in the district where a bankruptcy case is filed, and the burden of proving otherwise is on the party who has moved to transfer or dismiss the case." *In re Peachtree Lane Associates, Ltd.,* 206 B.R. 913, 917 (N.D.Ill.1997). *See also, Terra Intern., Inc. v. Mississippi Chemical Corp.,* 119 F.3d 688, 695 (8th Cir.1997).[3] In order to prevail on a motion to dismiss for improper venue or a motion for a change of venue, the movant's objection to venue must also be timely. Fed. R. Bankr.P. 1014; *Bryan v. Land (In re Land),* 215 B.R. 398, 402–03 (8th Cir. BAP 1997). Failure to raise the issue in a timely manner results in a waiver of any objection to venue. *Id.* In the present case, all of the Debtor's motions must be denied because they are untimely. However, even if the Court were to consider her motions timely, the result would be the same because the Debtor has failed to establish the impropriety of this venue.

Federal Rule of Bankruptcy Procedure 1014 governs the dismissal and transfer of cases on the basis of venue. It provides, in pertinent part:

(a) Dismissal and Transfer of cases

(1) Cases filed in proper district

If a petition is filed in a proper district, on *timely* motion of a party in interest, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

(2) Cases filed in improper district

If a petition is filed in an improper district, on *timely* motion of a party in interest and after hearing on notice to the petitioners, the United States trust-

---

2. For the reasons cited in our Order issued on June 5, 2000, denying the Debtor's "Motion to Strike 'Trustee's Brief and Argument in Support of His Motion to Amend Petition Nunc Pro Tunc to Include All Names Used by the Debtor Within Six Years Prior to the Filing of the Petition' or particular portions thereof," we will also deny the Debtor's Motion to Strike Complaint.

3. Motions for a change of venue also require the movant to establish the propriety of the transferee venue. *Matt v. Baxter Healthcare Corp.,* 74 F.Supp.2d 467 (E.D.Pa.1999). In this case, Moss has attempted the unusual tactic of requesting a change of venue to Arizona and then, in later pleadings, stating that the Arizona bankruptcy court would be without jurisdiction to hear the case. This tactic will not be permitted.

ee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr.P. 1014 (emphasis added).

■ It is well established that an objection to venue is waived if not timely raised. *See e.g., Land, supra; In re McCall,* 194 B.R. 590, 591 (Bankr.W.D.Tenn.1996); *In re Jones,* 39 B.R. 1019 (Bankr.S.D.N.Y. 1984). What constitutes a timely filing is not a governed by a statute or a rule, but depends on the facts and circumstances of the particular case. *Land,* 215 B.R. at 403 (citing *McCall, supra*). Based on the facts and circumstances of this case, the Court finds that the Debtor's objections to venue are untimely.

■ Of paramount importance in our decision is the fact that the Debtor voluntarily chose this venue.[4] Objections to venue may be waived by the consent or conduct of a party. *Lomanco Inc. v. Missouri Pacific Railroad Co.,* 566 F.Supp. 846, 849 (E.D.Ark.1983). The filing of a bankruptcy petition in a certain venue and subsequent participation in the case constitutes both consent to that venue and conduct waiving objections to that venue. *See In re Fishman,* 205 B.R. 147, 148 (Bankr. E.D.Ark.1997)("By filing...bankruptcy in this district, the debtor waived any right to assert the impropriety of venue."). The only circumstances in which a court has allowed a *debtor* to seek a change of venue postpetition is when the debtor has moved *and* a change of venue would be convenient to the creditors and would promote the interests of justice. *See e.g., In re Bent, III,* 93 B.R. 329, 331–32 (Bankr.D.Vt. 1988). Such is not the case here; the Debtor has not moved nor has she pré-

sented any other legitimate grounds for transfer or dismissal.

The Debtor argues that her objection is timely because (1) she made the objection "the very day" she "discovered" 28 U.S.C. § 1408, the statute that, according to her, makes venue improper in this District and (2) her case has not progressed to the point when an objection would be untimely. We reject both of these arguments.

■ The Debtor's argument that the objection is timely because she recently "discovered" 28 U.S.C. § 1408 is completely without merit. First of all (contrary to Moss' assertions at the hearing), § 1408 has not been hidden from her, nor have legal materials been intentionally withheld from her. Section 1408 was in effect prior to the filing of the Debtor's bankruptcy petition and forms the basis of venue for all bankruptcy cases. 28 U.S.C. § 1408. Regardless of whether the Debtor's failure to "discover" the statute is due to the Debtor's lack of familiarity with the Bankruptcy Code or her mental illness, the Court has no obligation to provide the Debtor with legal materials or legal assistance; unlike criminal proceedings, representation is not guaranteed in bankruptcy proceedings because they are civil, not criminal, in nature. *See In re Gherman,* 101 B.R. 368, 368 (Bankr.S.D.Fla.1989) (citing *Hannah v. Larche,* 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960)). Secondly, even if Moss had become "aware" of § 1408 earlier, it would have been to avail, since, based on the facts before the Court, venue is proper pursuant to § 1408.

Section § 1408 provides in pertinent part:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

---

4. Although the Debtor continues to maintain that she did not file this petition, until proven otherwise, the Court proceeds on the assumption that it was, in fact, the Debtor who filed it. The Court does note, however, that her assertion that someone else filed the petition

is becoming less and less credible. At first Moss stated that she did not know who filed it, and now, in a recent pleading she claims that well-meaning friends (who have not been named) filed the petition.

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district . . .

28 U.S.C. § 1408. By signing and filing the bankruptcy petition, the Debtor declared under penalty of perjury that she resided in Jackson County, Missouri. (Debtor's Bankruptcy Petition, filed 8/6/1998). No evidence has been presented by the Debtor that she did not reside in Jackson County at the time she filed the petition. Her claim that venue is proper in Arizona because "someone" mistakenly forgot to put her Arizona address on the petition is fallacious and disingenuous. Regardless of the address she put on her petition, she filed the petition, paid the filing fee, and (prior to her incarceration) filed numerous pleadings at the Federal Courthouse in Kansas City, Missouri. Furthermore, the Arizona driver's license on which the Debtor relies to establish her Arizona residency was issued to a Margaret Whitman Bryant, an alias Moss has repeatedly denied using. Any claim that she did not intend to submit to the jurisdiction and venue of this Court is not well taken.

The Debtor's other argument that her case has not progressed to the point when an objection to venue would be untimely is also erroneous. In support of her argument, the Debtor cites *Bryan v. Land* (*In re Land*), 215 B.R. 398 (8th Cir. BAP 1997), for the proposition that an objection to venue by a debtor before a "final order or judgment is entered" should be considered timely. The Debtor misreads and misapplies *Land*.

In *Land* the Bankruptcy Appellate Panel for the Eighth Circuit held that a motion to change venue was untimely where certain *creditors* (not the debtor) made the motion after the confirmation of the debtor's Chapter 13 plan. *Land*, 215 B.R. at 403–05. After stating that a determination of timeliness depends on the facts and circumstances of the particular case, the court based its holding on the particular fact that the creditors filed their motion after confirmation even though they had notice of the bankruptcy and failed to object to confirmation. *Id.* The supposed requirement of a final judgment or order, on which the Debtor relies, had nothing to do with the court's determination of timeliness; rather, that requirement was discussed solely in reference to the court's appellate jurisdiction to hear the timeliness issue. *Id.* at 401–02. *Land* stands for nothing more than the proposition that a determination of the timeliness of an objection to venue should be made on a case by case basis, and provides one example of untimeliness. Furthermore, *Land* is inapposite to this case, inasmuch as it deals with a *creditor's* objection; for direction on how to deal with a *debtor's* objection, we look to *In re Fishman*, 205 B.R. 147 (Bankr.E.D.Ark.1997).

In *Fishman*, the bankruptcy court held straightforwardly that a debtor waives any right to object to improper venue "by filing his bankruptcy case." *Id.* at 149. The court further commented that the debtor's objection to his own choice of venue after pursuing his bankruptcy case by filing the petition, filing schedules, and attending the § 341 meeting was "nothing less than bizarre." *Id.* This Court finds this Debtor's objection no less curious. Not only did the Debtor file her bankruptcy petition and schedules here, but (prior to her incarceration) the Debtor filed several motions enlisting the aid of this Court, including an ex-parte motion to continue her § 341 meeting and a "Motion to Discharge" her debt owed to Creditors Gronemeier & Barker and Burton & Norris.

For the reasons stated above, the Court finds that the Debtor's motions to dismiss or change venue are untimely.

 Furthermore, even if we were to consider the Debtor's objection timely, the Debtor has failed to establish sufficient grounds for a dismissal or change in venue. By filing her bankruptcy petition in this Court, the Debtor triggered the presumption that venue was proper here. *In re Peachtree Lane Associates, Ltd., supra.* "The burden of establishing that a case should be transferred is on the moving party and must be shown by a preponderance of the evidence." *In re Bent, III,* 93 B.R. at 331. In this case, no evidence, other than the Debtor's unsupported assertions, has been presented to overcome the presumption that venue is proper with this Court. Accordingly, we find that venue is proper in this Court.

Because we find that venue is proper in this District, we need not address the issue of whether this Court would have had jurisdiction if we had found otherwise. Therefore, it is

**ORDERED** that the Debtor's Motion For Order Amending Petition and Motion for Change of Venue, filed April 19, 2000; the Debtor's Motion for Order Dismissing Chapter 7 Case and Adversary Proceedings for Lack of Jurisdiction and Venue, filed April 19, 2000; and the Debtor's Motion to Dismiss and Motion to Strike Complaint, filed in Adversary Case Number 00–4058–1 on May 23, 2000, be and are hereby DENIED.

**SO ORDERED.**