### MILWAUKEE CORRUGATING CO. v. FLAGGE.

Circuit Court of Appeals, Eighth Circuit.
May 3, 1927.

No. 7591.

1. Bankruptcy ⬅14—District Court for Northern District of Iowa has jurisdiction of bankruptcy proceedings by one employed in Iowa, but resident of Wisconsin.

District Court for Northern District of Iowa *held* to have jurisdiction of bankruptcy proceedings by one whose home and family were in Green Bay, Wis., but who had been employed in Iowa for two years next preceding bankruptcy.

2. Bankruptcy ⬅408(3)—Bankrupt's failure to schedule assets, including cash in bank and claim against employer, held to preclude discharge.

Bankrupt's failure to schedule certain assets, particularly cash in bank and claim against employer, *held* to require denial of discharge.

Appeal from the District Court of the United States for the Northern District of Iowa; George C. Scott, Judge.

In the matter of the bankruptcy of Philip Frank Flagge. From an order granting a discharge, the Milwaukee Corrugating Company appeals. Order set aside.

Robert P. Roedell, of Dubuque, Iowa (Henry C. Kenline and Herbert J. Hoffmann, both of Dubuque, Iowa, Leo F. Tierney, of Manchester, Iowa, and Glicksman & Gold, of Milwaukee, Wis., on the brief), for appellant.

Alvin L. Zelonky, of Milwaukee, Wis., for appellee.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This appeal is brought to review a decision of the trial court granting an order of discharge in bankruptcy. On a hearing before the referee, many of the specifications of objections filed were denied. However, on some it was recommended the discharge prayed should be denied.

[1] At the outset the question of the jurisdiction of the bankruptcy court to entertain the proceedings was raised and ruled in favor of jurisdiction. As the home and family of the bankrupt was at Green Bay, in the state of Wisconsin, and his employment only was and had been for some two years next preceding bankruptcy in the state of Iowa, we are inclined to the opinion the holding of jurisdiction was proper and right.

[2] Coming now to the specification of objections to granting the discharge prayed, it is seen the referee found specifically from the proofs taken before and considered by him, as follows:

"This special master is of the opinion that the amounts on deposit at the Union Trust & Savings Bank and also at the Iowa Trust & Savings Bank should have been included in the schedules of the bankrupt, and that said amounts were knowingly and fraudulently omitted, and that the specifications of objections in respect to said ground of objection have been sustained."

While the amounts placed in these institutions were small, yet a reading of the proofs convince us the bankrupt knew of the same, and intentionally for his own benefit and use falsified his schedules in regard to the cash on his person and in these banks, which must, at the date he signed and verified his schedules in bankruptcy, have amounted to more than $300, and which he failed to schedule; and, in addition to this, that the Klauer Manufacturing Company, by which he was employed, must have been indebted to him in a considerable sum, which was not scheduled. Again, while the dealings between bankrupt and Mrs. Schultz were not clearly proven to be fraudulent, yet this transaction, taken together with those regarding small amounts clearly established by the proofs, convince the mind that the bankruptcy court was made use of by the bankrupt in an improper manner, and that he should not be rewarded by a discharge from his debts on the present record.

We are therefore convinced the order granting the discharge should be set aside.