**In re Jesse Doyle BLAGG and Leasa Dawn Blagg, Debtors.**

**Jesse Doyle BLAGG, Leasa Dawn Blagg, and Ty H. Stites, Appellants,**

**v.**

**Gerald R. MILLER, Appellee.**

BAP Nos. NO–97–092, NO–98–006. Bankruptcy No. 97–03510–R.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Sept. 14, 1998.

Roderic L. Notzon, Tulsa, OK, for Appellants.

Gerald R. Miller, Jones & Miller, P.C., Muskogee, OK, for Appellee.

Before PUSATERI, ROBINSON, and MATHESON, Bankruptcy Judges.

## OPINION

ROBINSON, Bankruptcy Judge.

This Court has before it for review: (1) the order granting the trustee's motion to dismiss for improper venue and for sanctions and imposing further sanctions sua sponte under Bankruptcy Rule 9011; (2) the order awarding the Trustee fees and expenses; and (3) the order denying in part the motion for stay pending appeal.[1] For the reasons set forth below, we affirm the order of the bankruptcy court dismissing the case for improper venue and imposing sanctions. The order awarding the Trustee fees and expenses is remanded for further proceedings.

## I. Background.

On July 30, 1997, Jesse and Leasa Blagg filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. Their petition identified their residence as the Eastern District of Oklahoma, but they filed their case in the Northern District of Oklahoma. Debtors asserted venue in the Northern District as their "principal place of employment." Mr. Blagg worked for a company in Tulsa, which is in the Northern District.

After conducting the meeting of creditors, the interim Bankruptcy Trustee, Gerald R. Miller ("the Trustee"), filed a motion to transfer on the basis that the case was filed in an improper district. After the Debtors responded to the motion and requested a hearing, the Trustee amended his motion to request transfer or dismissal of the case, as well as sanctions pursuant to Fed.R.Bankr.P. 9011 and 28 U.S.C. § 1927.

A hearing was held on October 30, 1997. At the hearing, Debtors' counsel, Ty Stites, represented to the court that the Advisory Committee Notes to Fed.R.Bankr.P. 1014(a) indicated that the court had the power to retain an improperly venued case. After the hearing, Debtors filed a supplemental response to the Trustee's motion, further ad-

dressing the issue of venue and again citing the Advisory Committee Note to Rule 1014(a).

On November 10, 1997, the bankruptcy court issued an order to show cause why Ty Stites should not be sanctioned pursuant to Bankruptcy Rule 9011. The order stated that the court found Stites' misrepresentation of law regarding retention of an improperly venued bankruptcy case violated Bankruptcy Rule 9011. The order gave Stites until November 13 to file a response, and set the hearing on November 14. Stites was in Mexico on vacation and did not return to his office until November 13, at which time he prepared and filed a written response. Stites also appeared at the hearing the next day.

On December 1, 1997, the court issued an order granting the Trustee's motion to dismiss for improper venue and granting the motion for sanctions. The court also imposed sanctions sua sponte under Bankruptcy Rule 9011. The court rejected Debtors' argument that the Trustee's motion was not timely. The motion was filed nineteen days after the meeting of creditors, where the Trustee had learned that the Debtors had no basis for venue in the Northern District. The court found that neither party would be prejudiced by the timing of the motion since nothing had happened in those nineteen days. The court further found that Debtors presented no authority that venue lies in the district where a debtor is employed, and that it is well settled that a debtor's place of employment is not relevant to the question of venue. The court found that it is equally clear that if a debtor files in the wrong district, the court may do one of two things: dismiss or transfer the case. The court may not, as Debtors urged, retain the case. The court then dismissed the case without prejudice to filing in the proper district. The court found dismissal more appropriate than transfer. Dismissal and refiling would result in the case "starting over" and would afford creditors in the Eastern District an opportunity to attend the meeting of creditors and fully participate in the case in the proper and more convenient venue.

---

1. Appellants appealed from the bankruptcy court's order granting the motion to dismiss and imposing sanctions, then subsequently filed an amended notice of appeal to include the order awarding Trustee's fees and expenses and the

order denying in part the motion for stay pending appeal. The amended notice of appeal was deemed a separate appeal, and an order was entered consolidating the appeals for procedural purposes.

The court further held that Stites committed sanctionable offenses pursuant to Bankruptcy Rule 9011.[2] The court found that Stites signed not only the petition for relief, but also signed the response to motion to transfer, alleging venue on the basis of place of employment without any authority or good faith argument for modification of the existing law on venue. Further, Stites signed and submitted the supplemental response, and orally argued at hearing, that the Advisory Committee Notes to Bankruptcy Rule 1014 indicated that the court had the power to retain the case. This misrepresented the law. In fact, the Advisory Committee Notes advise that Rule 1014 was amended in 1987 to specifically delete the option of retaining a case filed in an improper venue.

As a sanction for knowingly and deliberately filing this case in the improper district, the court ordered Stites to refrain from charging Debtors any additional fees or expenses, including the new filing fee, for any additional work in filing the petition and representing the Debtors in the proper district. The court also ordered Stites to pay the fees and expenses incurred by the Trustee. Lastly, Stites was ordered to pay a monetary sanction of $500.00 for misrepresenting the state of the law to the court by quoting and citing superseded comments based upon repealed statutes. The court found it necessary to impose such a sanction to deter future misrepresentation to the court and to encourage a more careful approach in advising the court of the state of the law. The Trustee filed an affidavit itemizing his fees and expenses in the amount of $831.40. The court reduced this amount to $777.40 and ordered Stites to pay. Stites was not given the opportunity to respond or object to the Trustee's itemization.

## II. Jurisdiction and Standard of Review.

A Bankruptcy Appellate Panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges in this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). As neither party has opted to have this appeal heard by the District Court for the Northern District of Oklahoma, they are deemed to have consented to jurisdiction. 10th Cir. BAP L.R. 8001–1(d).

In reviewing an order of the bankruptcy court, an appellate court "reviews the factual determinations of the bankruptcy court under the clearly erroneous standard, and reviews the bankruptcy court's construction of [a statute] de novo." *Taylor v. IRS*, 69 F.3d 411, 415 (10th Cir.1995) (citations omitted).

A finding of fact is clearly erroneous only if the court has "the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). "It is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir.1972).

*Gillman v. Scientific Research Prods. (In re Mama D'Angelo, Inc.)*, 55 F.3d 552, 555 (10th Cir.1995).

A determination of whether to transfer or dismiss a case is reviewed for an abuse of discretion. *Oaks of Woodlake Phase III, Ltd. v. Hall, Bayoutree Assocs., Ltd. (In re Hall, Bayoutree Assocs., Ltd.)*, 939 F.2d 802 (9th Cir.1991). In reviewing an imposition of Bankruptcy Rule 9011 sanctions, the appellate court must also apply an abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Masunaga v. Stoltenberg (In re Rex Montis Silver Co.)*, 87 F.3d 435 (10th Cir.1996). "Under the abuse of discretion standard: 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994)

---

2. The bankruptcy court denied the Trustee's request to impose sanctions pursuant to 28 U.S.C. § 1927, as the Tenth Circuit has held that section does not apply to bankruptcy courts. *Jones v. Bank of Santa Fe (In re Courtesy Inns Ltd., Inc.)*, 40 F.3d 1084, 1086 (10th Cir.1994).

(quoting *McEwen v. City of Norman,* 926 F.2d 1539, 1553–54 (10th Cir.1991)). An abuse of discretion may occur if a court bases its ruling on a view of the law that is erroneous. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. at 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

### III. Discussion.

#### A. Venue.

Debtors raise several issues pertaining to venue of this case.

#### 1) Timeliness of motions to transfer or dismiss.

Debtors contend that the Trustee's motion to transfer and subsequent motion to dismiss, made respectively some 48 and 69 days after commencement of the Chapter 7 case, were untimely. Fed.R.Bankr.P. 1014(a) provides a case may be transferred or dismissed on timely motion of a party in interest. What constitutes a timely filing of such a motion is not governed by a statutory or rule definition; whether a motion to change venue has been timely filed depends on the facts and circumstances presented in the particular case. *Bryan v. Land (In re Land),* 215 B.R. 398, 403 (8th Cir. BAP 1997) (citing *In re McCall,* 194 B.R. 590, 592–93 (Bankr. W.D.Tenn.1996)). If the transfer would result in fragmentation or duplication of administration, increase expense, or delay closing of the estate, such a factor would bear on the timeliness of the motion. See Advisory Committee Notes, Fed.R.Bankr.P. 1014(a).

Debtors make no claim that they have been prejudiced by the timing of the motions, other than the Trustee took too long in filing the same. Debtors go so far as to assert the Trustee should have filed the motions prior to the first meeting of creditors, rather than nineteen days afterwards. We find this argument disingenuous. Certainly a trustee would be prudent to wait until he has had the opportunity to question the debtors prior to filing such a motion. As the bankruptcy court stated, the Trustee filed his motion to transfer nineteen days after the meeting of creditors, where he first learned that the Debtors had no basis for venue in the Northern District. Since "absolutely nothing" happened in the case during that time, neither party would be prejudiced, and the motion was deemed timely. Although the bankruptcy court's decision dealt only with the original motion to transfer, the same logic would apply to the motion to dismiss, which was filed as an amendment to the motion to transfer prior to the hearing thereon. The bankruptcy court's finding that the Trustee's motion was timely is not clearly erroneous, and we will not reverse the decision regarding venue on that ground.

#### 2) Improper venue.

It is undisputed that Debtors resided in the Eastern District of Oklahoma. Debtors' basis for venue in the Northern District was that Mr. Blagg was employed in that district, and therefore, Debtors' principal place of business was in that district. Debtors argue on appeal that the bankruptcy court erred in holding that place of employment was not relevant to the question of venue.

The governing statute is found at 28 U.S.C. § 1408, entitled "Venue of cases under title 11," which provides in pertinent part:

[A] case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, [or] principal place of business in the United States, ... of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, ... of such person were located in any other district.

28 U.S.C. § 1408.

Courts interpreting this provision have, with one possible exception, consistently held that a salaried individual debtor's place of employment does not equate to the "place of business" specified in this statute. *In re McDonald,* 219 B.R. 804, 805 (Bankr. W.D.Tenn.1998); *In re Berryhill,* 182 B.R. 29, 30 (Bankr.W.D.Tenn.1995); and cases cited therein. *See 1 Collier on Bankruptcy* ¶ 4.01[2][c] (Lawrence P. King ed., 15th ed.

rev.1998) (a salaried individual has no "principal place of business"). Debtors acknowledge these cases, but cite no persuasive or current authority for their position that place of employment is a proper basis for venue. Rather, Debtors argue that these cases are simply wrong, and it is time for "some court to so hold." Debtors cite a single, seventy-year-old case that is cryptic but may have accepted a debtor's place of employment as his place of business. *Milwaukee Corrugating Co. v. Flagge*, 19 F.2d 518 (8th Cir.1927). Without indicating that the phrase "place of business" controlled the question whether an Iowa bankruptcy court had properly determined it had jurisdiction of the case, the circuit court said, "As the home and family of the bankrupt was at Green Bay, in the state of Wisconsin, and his employment only was and had been for some two years next preceding bankruptcy in the state of Iowa, we are inclined to the opinion the holding of jurisdiction was proper and right." *Id.* at 518. Some years later, the Court of Appeals for the District of Columbia indicated that in 1927 a debtor's "place of business" was a proper place to file for bankruptcy, and conceded the *Flagge* opinion appeared to support the argument the debtor was making to that court, which was the same one the Debtors are making to us. *Higgins v. State Loan Co.*, 114 F.2d 25 (D.C.Cir.1940). The D.C. Circuit said, however, that it had examined the record in the *Flagge* case and learned the bankrupt "had removed two years before the filing of his petition to Iowa, had voted there, and for more than six months prior to the filing of his petition he not only was employed in Iowa but resided there the greater portion of his time." *Id.* at 26. *Flagge* is far from clear, then, and provides at best very little support for Debtor's position.

█ We are not persuaded by Debtors' argument for change and agree with the essentially universal position that place of employment is not relevant to the question of venue. A place of business may be the situs of assets and creditors, but a debtor's assets and creditors are usually located where the debtor resides, not where the debtor works. A wage or salary earning debtor does not incur much debt, if any, where the. debtor works.

## 3) Retention of case.

Because venue is improper in the Northern District of Oklahoma, the Court must determine whether transfer or dismissal of the case is proper. Debtors urge that the Court has a third option—retention of an improperly venued case. We disagree.

Fed.R.Bankr.P. 1014(a)(2) states:

*Cases Filed in Improper District.* If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed.R.Bankr.P. 1014(a)(2).

The Advisory Committee Note to the 1987 amendments provides:

Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. § 1412. Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule. If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived.

Fed.R.Bankr.P. 1014, Advisory Committee's Note.

The majority of courts that have ruled on the issue have held that the bankruptcy court does not have discretion to retain jurisdiction over an improperly venued case where a timely objection has been filed. *United States Trustee v. Sorrells (In re Sorrells)*, 218 B.R. 580 (10th Cir. BAP 1998) (citing cases). In *Sorrells*, the Bankruptcy Appel-

late Panel of the Tenth Circuit joined the majority, stating that "the history of section 1412 supports the majority rule that that section does not authorize a bankruptcy court of improper venue to retain a case." *Id.* at 586.

▇ Debtors argue that *Sorrells* is unpersuasive, questioning whether that decision controls this Court. Our decision is dictated by the principle that we are bound by prior panel decisions. A panel cannot overrule the judgment of another panel of the court. *Starzynski v. Sequoia Forest Indus.*, 72 F.3d 816, 819 (10th Cir.1995). *See Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1525 (10th Cir.1997) ("[U]niform decisionmaking within each circuit is essential."), *cert. denied,* —— U.S. ——, 118 S.Ct. 1034, 140 L.Ed.2d 101 (1998); *Ball v. Payco–General Am. Credits, Inc. (In re Ball)*, 185 B.R. 595, 597 (9th Cir. BAP 1995) ("We will not overrule our prior rulings unless a Ninth Circuit Court of Appeals decision, Supreme Court decision or subsequent legislation has undermined those rulings."). Accordingly, *Sorrells* is controlling, and the order of the bankruptcy court regarding retention of an improperly venued case is affirmed.

### 4) Dismissal v. Transfer.

▇ Debtors argue that the court abused its discretion in dismissing the case rather than transferring it to the Eastern District of Oklahoma. Fed. R. Bankr.P. 1014(a)(2) provides that a bankruptcy court may dismiss a case filed in an improper district unless transferring the case to a proper district "is in the interest of justice." The decision to dismiss or transfer is within the discretion of the bankruptcy court. The court dismissed Debtors' case rather than transfer it. The court stated it believed dismissal and subsequent refiling was more appropriate than transferring the case, as dismissal would result in the case "starting over" and affording creditors in the Eastern District a chance to attend the section 341 meeting and fully participate in the case in the proper and more convenient venue. Contrary to the view expressed by Debtors, the court stated that the rules regarding venue should not be interpreted as existing solely for the convenience of the Debtors, but for all participants in the proceedings.

▇ A review of the record reveals that the court did not abuse its discretion in dismissing the case. Although dismissal of an action for improper venue is a harsh penalty, the court considered various factors in finding dismissal was appropriate. It does not appear that the Debtors will be unduly inconvenienced by the dismissal, since the court ordered Stites to refile the case in the Eastern District at no cost to them. Inconvenience to Debtors' attorney does not constitute an abuse of discretion, and we will not reverse the court's decision on these grounds.

### 5) Notice and standing.

▇ In their briefs on appeal and at oral argument, Debtors raised the issues of improper notice of the motions to transfer or dismiss and whether the Trustee had standing to make said motions. An appellate court should not consider new issues not properly raised before the court below. *Zeigler Eng'g Sales, Inc. v. Cozad (In re Cozad)*, 208 B.R. 495, 498 (10th Cir. BAP 1997). Debtors concede in their reply brief that these issues were not raised in the bankruptcy court, but argue that the issues warrant an exception to the rule for "the most unusual circumstances," which "may include issues regarding jurisdiction and sovereign immunity, and instances where public interest is implicated, or where manifest injustice would result." *Rademacher v. Colorado Ass'n of Soil Conservation Dists. Medical Benefit Plan*, 11 F.3d 1567, 1572 (10th Cir. 1993) (citations omitted). Because we conclude the issues presented do not fall within any of these exceptions, these arguments will not be considered by the Court.

### B. Sanctions.

▇ Fed.R.Bankr.P. 9011 was substantially amended in 1997 to conform to the 1993 changes to Rule 11 of the Federal Rules of Civil Procedure. The amended version of Rule 9011 took effect on December 1, 1997, the date the bankruptcy court entered its order, and governs "all proceedings in bank-

ruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings in bankruptcy cases then pending." See Supreme Court Order Amending Federal Rules of Bankruptcy Procedure (April 11, 1997). Because all of the allegedly sanctionable conduct in this case took place prior to the effective date of the amendment, application of the amended rule would be both unjust and impractical. Accordingly, the Court concludes that the pre-amended version of Rule 9011 governs for purposes of this appeal.

The pre-amended version of Rule 9011 provides in pertinent part:

> The signature of an attorney or a party constitutes a certificate that the attorney or a party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Fed.R.Bankr.P. 9011.

█ The Supreme Court prescribed the standard to be applied by an appellate court in reviewing a lower court's imposition of Rule 11 sanctions in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 384, 110 S.Ct. 2447. The appellate court must apply an abuse of discretion standard in reviewing "all aspects" of a Rule 11 determination. *Id.* at 405, 110 S.Ct. 2447. The Tenth Circuit has adopted this standard for sanctions imposed under Rule 9011. *Findlay v. Banks (In re Cascade Energy & Metals Corp.)*, 87 F.3d 1146 (10th Cir.1996).

Stites raises several issues pertaining to sanctions.

### 1) Improper venue.

█ Stites argues the court erred in issuing sanctions against him for alleging, without any authority or good faith argument for the modification of existing law, venue on the basis of Mr. Blagg's employment in the Northern District. The Tenth Circuit has adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir.1990), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances. *Id.* (quoting *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir.1988)).

█ Although Stites argued that place of business for purposes of venue may "plausibly" include place of employment, he failed to cite a single case to the bankruptcy court in his favor, including the dubious *Flagge* opinion. Nor did Stites make any good faith argument for modification of the existing law, other than that it is wrong and should be changed. The fact that Stites knew venue was in an obviously improper district is apparent from examining the petition he prepared and signed; the word "business" was marked out and "employment" typed in just above. If place of business included a debtor's place of employment, as Stites alleged, he would not have needed to alter the official form and language of the petition. The court noted that this was not the first case filed by Stites alleging proper venue where venue was clearly not proper in the Northern District. The court stated that Stites "ignores the clear mandate of the laws of the United States regarding venue and instead selects a venue that is most convenient for himself and his clients, despite counsel's knowledge that there is no good faith basis for the assertion of venue in that convenient district." We hold that the bankruptcy court did not abuse its discretion in imposing sanctions on these grounds.

 Even if authority existed to support Stites' position and he was justified in arguing that position based on that authority, it was appropriate for the bankruptcy court to require any refiling of the case in the proper district to be at Stites' expense. The court's order requiring Stites to refrain from charging the Debtors any additional fees or expenses, including the filing fee, for representing the Debtors in the proper district was designed to make Stites bear the expense of his failed attempt to make new law. There was no evidence in the record, and indeed it is unlikely, that Stites informed the Debtors that he was attempting to make law by filing in the Northern District, at the risk of their having to file a new case in the Eastern District. Thus, the court was justified in making Stites rather than the Debtors bear the expense of the new filing.

### 2) Misrepresentation of law.

Stites appeals the court's imposition of sanctions for misrepresenting the state of the law by quoting and citing superseded comments based upon repealed statutes. Stites argues that quoting the outdated Advisory Committee Note to Rule 1014(a) was an excusable mistake made in the heat of oral argument and in his haste to leave the office for vacation, and is not sanctionable conduct because he did not intend to mislead the court. Stites further contends the court disregarded its previous order in a similar case and sanctioned him merely for disagreeing with the court. We find no support for these conclusions.

Stites contends the issue of whether a bankruptcy court may retain a wrongly-venued case was a new argument raised for the first time at the hearing held October 30, 1997, requiring him to respond "on his feet." While the Trustee may not have specifically raised this issue until the hearing, it certainly was inherent to his motion to dismiss and Stites reasonably could have expected to address this issue. At the hearing, Stites represented to the court that the Advisory Committee Notes indicated that the court has the power to retain a case. In fact, if Stites had read the entire text of the Notes, he would

have learned that Rule 1014 was amended in 1987 to specifically delete the option of retaining a case filed in an improper venue. Stites then returned to his office and hurriedly drafted and filed a supplemental response, again citing the outdated comment and urging the court to retain the case. At the hearing on the order to show cause, Stites continued to maintain that the superseded comment continued to have some force and effect.

 While it is arguably understandable that Stites would not have carefully read the entire text of the Advisory Committee Notes during oral argument, his failure to carefully study the text before citing it in his supplemental response is not excusable. In the *Cascade* decision, the Tenth Circuit affirmed Rule 9011 sanctions for similar conduct against an attorney for attempting to mislead the court with an inaccurate representation of the law, stating:

> "Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense. The Rule requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule."

87 F.3d at 1151–52 (quoting *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.) (citations omitted), *cert. denied*, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986)). Stites compounded the situation at the show cause hearing by failing to explain the misrepresentation and persisting in arguing that the superseded comment continued to have merit.

Stites further contends that the court abused its discretion by disregarding its prior order in a similar case in which the court denied a trustee's motion to transfer a case for improper venue and retained the case. Stites concedes that he was unaware of this unpublished decision until appeal and is raising the issue for the first time. Because this issue was not raised in the bankruptcy court, we will not consider it on appeal.[3] *Cozad*,

---

**3.** The Court notes, however, that the sanctions

were not imposed because Stites argued reten-

208 B.R. at 498. We are also unpersuaded by Stites' argument that the bankruptcy court sanctioned him for merely disagreeing with the court. The court specifically stated that it was not sanctioning Stites for taking the minority position on retention, but rather for misrepresenting the state of the law to the court regarding the Advisory Committee Note. Stites' behavior goes beyond taking a minority position. We cannot find the bankruptcy court's decision to impose sanctions on these grounds an abuse of discretion.

### 3) Amount of sanctions.

■■■■■ The Tenth Circuit has prescribed three factors that a court must consider in determining the amount of Rule 9011 sanctions: 1) the opposing party's reasonable expenses incurred as a result of the violation, including reasonable attorney fees; 2) the minimum amount necessary to adequately deter future misconduct; and 3) the offender's ability to pay. *White,* 908 F.2d at 684–85. In addition, a court "may consider factors such as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances." *Id.* at 685.

■■■■■ A party that is the target of a sanctions request has a due process right to "notice that such sanctions are being considered by the court and a subsequent opportunity to respond" before final judgment. *Braley v. Campbell,* 832 F.2d 1504, 1514 (10th Cir.1987) (en banc). However, an opportunity to be heard does not require an oral or evidentiary hearing on the issue. The opportunity to fully brief the issue is sufficient to satisfy due process requirements. *Id.* at 1515.

#### a) Trustee's fees and expenses.

As part of the sanction for knowingly and deliberately filing the case in the improper district, Stites was ordered to pay the fees and expenses incurred by the Trustee. The Trustee submitted an affidavit requesting

fees and expenses totaling $831.40, at an hourly rate of $150.00 per hour. The court found the fees and the hourly rate reasonable and, after deducting .9 hours for secretarial tasks, awarded fees and expenses in the amount of $777.40.

■■■■ The plain language of Rule 9011 requires that the court independently analyze the reasonableness of the requested fees and expenses. *White,* 908 F.2d at 684. We note that the Trustee never requested nor obtained approval of his employment as attorney for the Trustee as required by 11 U.S.C. § 327(a). We further question whether the actions taken by the Trustee in filing the motions to transfer and dismiss required the services of an attorney, or whether they could have been performed in his capacity as trustee of the estate. Finally, we note that Stites was not given the opportunity to respond to the attorney fee request prior to the court's approval. Because Debtors did not have the opportunity to address these issues, we find it appropriate to remand the matter and direct the bankruptcy court to reexamine the Trustee's fee request after permitting Stites to respond in writing to the reasonableness of the requested fees.

#### b) Monetary sanction.

As sanction for misrepresenting the state of the law, the court imposed upon Stites a monetary sanction of $500.00. The court expressly considered Stites' ability to pay such sanction, noting the volume of bankruptcy cases he has filed and his requests for approval of fees therefor. The court further found that such sanction was necessary to deter future misrepresentation to the court and to encourage a more careful approach in advising the court of the state of the law, and that the sanction was reasonably related to the time invested in connection with researching and correcting counsel's erroneous assertions of law.

■■■■ Stites argues that the sanction is arbitrary in amount and unsupported by the record. We find these arguments unpersuasive. There is no basis for this Court to find an abuse of discretion. The sanction was far less than the cost to the appellant of the resulting appeal. Further, it seems a rea-

tion of the case was proper, but because he

misrepresented the state of the law to the court.

sonable sum to deter similar misconduct in the future and is not overly burdensome to Stites. The court was not required to conduct an evidentiary hearing on sanctions and Stites had the opportunity to respond both to the Trustee's and the court's motions for sanctions. With the exception of the Trustee's attorney fees, the bankruptcy court did not abuse its discretion in the application of the *White* factors.

### C. Stay Pending Appeal.

■ Stites appeals from the court's order granting in part and denying in part his motion for stay pending appeal. The court denied Stites' request that the stay be reimposed because it had already ordered the refiling of the case in the proper venue, thus protecting Debtors. The court granted Stites' request that the $500 monetary sanction against him be stayed and the Clerk retain his certified check as a bond pending appeal. Stites failed to raise this issue in his opening brief and, hence, has waived the point. See *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n. 7 (10th Cir.1994), and cases cited therein.

### IV. Conclusion.

For the reasons stated, it is hereby ordered that the order of the bankruptcy court granting the Trustee's motion to dismiss for improper venue and imposing sanctions is AFFIRMED; the order awarding Trustee's fees and expenses is remanded for further proceedings in accordance with this order and judgment.

MATHESON, Bankruptcy Judge, dissenting.

With respect, I dissent from that portion of the opinion that affirms the bankruptcy court's imposition of sanctions arising from the attorney's argument that venue of the case was properly premised on the place of the debtor's employment.

The majority is correct that virtually all courts have held that a salaried individual debtor's place of employment does not equate to the "place of business" specified in the venue provisions of 28 U.S.C. § 1408. I concur with the order of the majority affirming the order dismissing the bankruptcy case. But that is not the test for the propriety of the imposition of sanctions. An attorney is not subject to sanctions simply because he espouses the minority view.

The majority points out that Stites failed to cite a single case in support of his position. However, as the majority states, the test for sanctions is not what Stites did, but what a reasonable and competent attorney would do. Thus, if there is authority to support Stites' position, even though not found by him, sanctions ought not to have been imposed. And such authority exists.

In the case of *Milwaukee Corrugating Co. v. Flagge*, 19 F.2d 518 (8th Cir.1927), the court was presented with the case of a debtor who, with his family, resided in Wisconsin but was employed in Iowa. Without analysis, and without any citation of authority, the court concluded that the Iowa bankruptcy court had jurisdiction to grant the debtor his discharge.[1] That decision, although perhaps not persuasive, has not been reversed in that circuit. There is no contrary authority in the Tenth Circuit nor in the Northern District of Oklahoma. Thus, Stites would have been fully justified in arguing his position based on that case, and should not have been subject to sanctions by reason thereof, even though his position was not found to be persuasive. For that reason I would reverse the order of the bankruptcy court that imposed sanctions on Stites for arguing for venue based on the debtor's place of employment.[2]

---

1. The Bankruptcy Act, as then in effect, granted the bankruptcy court "jurisdiction ... to—(1) Adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months...." Section 2, Bankruptcy Act of 1898, as amended.

2. The majority infers guilt because Stites amended the bankruptcy petition to delete "business" and to insert "employment." I, to the contrary, find that to be further evidence of Stites good faith in taking the position he took. It is a complete disclosure of the basis for venue.