In re Jesse Doyle BLAGG and Leasa Dawn Blagg, Debtors.

Jesse Doyle Blagg; Leasa Dawn Blagg; Ty H. Stites, Appellants,

v.

Gerald R. Miller, Appellee.

No. 01–5135.

United States Court of Appeals, Tenth Circuit.

July 24, 2002.

Before KELLY, BRISCOE, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT*

PAUL KELLY, Jr., Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellants Jesse Doyle Blagg and Leasa Dawn Blagg (the "Blaggs") are the debtors in this Chapter 7 bankruptcy case. Ty H. Stites is their attorney. The Blaggs appeal from a decision of the Tenth Circuit Bankruptcy Appellate Panel (BAP) upholding the bankruptcy court's dismissal of their Chapter 7 case for improper venue. Stites appeals from the BAP's decision upholding the bankruptcy court's entry of sanctions against him for filing in the wrong district and for misstating the law.

Bankruptcy Rule 1014 provides that if a petition has been filed in an improper district, the bankruptcy court may either dismiss the case or, "if the court determines that transfer is in the interest of justice or for the convenience of parties" it may

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

transfer the case to another district. Bankr.R. 1014(a)(2). The Blaggs attack both the bankruptcy court's finding that the case was improperly venued in the Northern District of Oklahoma, and its decision to dismiss the case rather than transferring it.

"In our review of BAP decisions, we independently review the bankruptcy court decision." *In re Albrecht*, 233 F.3d 1258, 1260 (10th Cir.2000). The decision of where an action may be brought involves an interpretation of the venue statute, and is therefore a question of law that we review *de novo*. *Cf. Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir.1998) (discussing analogous venue provision in 28 U.S.C. § 1406(a)). Once it has been determined that the case is improperly venued, however, the decision to dismiss a case or to transfer it under Rule 1014 lies within the bankruptcy court's discretion. *See, e.g., Oaks of Woodlake Phase III, Ltd. v. Hall, Bayoutree Assocs., Ltd. (In re Hall, Bayoutree Assocs., Ltd.)*, 939 F.2d 802, 804 (9th Cir. 1991).

Applying these standards to the bankruptcy court's decision to dismiss, we discern no error of law or abuse of discretion. We therefore affirm the decision dismissing the Blaggs' Chapter 7 proceeding for improper venue, for substantially the same reasons articulated in *In re Blagg*, 215 B.R. 79, 80–81 (Bankr.N.D.Okla.1997), *Blagg v. Miller (In re Blagg)*, 223 B.R. 795, 798–99, 802–04 (B.A.P. 10th Cir.1998) and *Blagg v. Miller (In re Blagg)*, Nos. 97–03510 & 01–006, 2001 WL 725993 (B.A.P. 10th Cir. Jun. 28, 2001).[1]

We turn to the bankruptcy court's award of sanctions against Stites. The bankruptcy court imposed two separate sanctions under Bankr.R. 9011. First, because Stites "knowingly and deliberately" filed this case in the wrong district, the bankruptcy court ordered him (1) to refrain from charging the Blaggs any additional fees or expenses incurred for filing the petition and representing them in the proper district; (2) to pay the filing fee for filing the case in the proper district; and (3) to pay the trustee's fees and expenses in connection with preparation of the motions to transfer, the motion for sanctions, and the time for preparing and attending a hearing on the motion for transfer and sanctions. *In re Blagg*, 215 B.R. at 83. Second, because Stites misrepresented the state of the law by quoting a superseded comment based upon a repealed statute, the court imposed a monetary sanction of $500.

We review the bankruptcy court's decision imposing sanctions for an abuse of discretion. *Udall v. FDIC (In re Nursery Land Dev., Inc.)*, 91 F.3d 1414, 1415 (10th Cir.1996). Stites makes eighteen arguments in opposition to the imposition and amount of the above-described sanctions. Having reviewed these arguments, the applicable law and the decisions of the bankruptcy court and the BAP, we discern no abuse of discretion in the sanctions imposed. Therefore, we affirm the awards of sanctions for substantially the same reasons stated in the bankruptcy court's decision in *In re Blagg*, 215 B.R. at 82–84, and the BAP opinions in *In re Blagg*, 223 B.R.

---

1. The Blaggs also urge that (1) the bankruptcy court may retain an improperly-venued case; (2) the trustee's motions to transfer/dismiss were untimely; (3) the motions to transfer/dismiss were improperly noticed; and (4) the trustee lacked standing to object to venue. The BAP opinion specifically dealt with each

of these arguments, finding the first two meritless and the others procedurally barred by the Blaggs' failure to raise them before the bankruptcy court. *In re Blagg*, 223 B.R. at 802–04. We also affirm as to these issues, for substantially the same reasons articulated in the BAP opinion.

at 804–08, and *In re Blagg*, 2001 WL 725993.

The decision of the Tenth Circuit Bankruptcy Appellate Panel is AFFIRMED.