**In re Stanley M. McCALL, Debtor.**

**Bankruptcy No. 95–31468B.**

United States Bankruptcy Court,
W.D. Tennessee.

April 17, 1996.

Roger A. Stone, Memphis, TN, and Winn Davis Brown, Jr., Southaven, MS, for Charles F. Timbs, III.

Thomas Lee Hinson, Memphis, TN, for Debtor.

George W. Stevenson, Chapter 7 Trustee, Memphis, TN.

Ellen B. Vergos, United States Trustee, Memphis, TN.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS OR TO TRANSFER CASE TO PROPER VENUE

WILLIAM H. BROWN, Bankruptcy Judge.

The contested matter before the Court is the motion filed by a creditor, Charles F. Timbs, III, to dismiss this voluntary chapter 7 case for improper venue or to transfer the case to the Northern District of Mississippi. The debtor opposes the motion and no other party in interest appeared in support of or opposition to the relief sought. In support of his motion, Mr. Timbs filed an affidavit of his Mississippi attorney, Winn Davis Brown, Jr., and Mr. Timbs relies upon the debtor's petition, which reveals that the debtor was a resident of the state of Mississippi when his bankruptcy petition was filed on October 20, 1995. This contested matter presents issues of the timeliness of the creditor's motion and the balancing of competing interests of this creditor and the debtor. This opinion contains findings of fact and conclusions of law pursuant to FED.R.BANKR.P. 7052.

Issues of venue come before the bankruptcy courts in the Western District of Tennessee often because many residents of Northern Mississippi file in this district for apparent convenience. Such debtors often work in Shelby County, Tennessee, or they have Tennessee attorneys. This Court previously has addressed the lack of proper venue in this district for debtors who merely are salaried employees in this district. *In re Berryhill*, 182 B.R. 29 (Bankr.W.D.Tenn. 1995) (also, *in dictum*, agreeing that "it may not retain an improperly venued bankruptcy case over the [timely] objection of a party in interest." (quoting *In re Petrie*, 142 B.R. 404, 407 (Bankr.D.Nev.1992))). A reality is that creditors or parties in interest normally do not object to improperly venued cases, perhaps because it is frequently more conve-

nient for the creditors of such debtors to appear in Memphis than in the Northern District of Mississippi. The Court suspects that attorneys in the Northern District of Mississippi are not fond of such filings by Memphis attorneys; however, the procedure for dismissal or transfer of improperly venued cases requires a party in interest to file a timely motion raising the venue issue. FED.R.BANKR.P. 1014. The Court cannot *sua sponte* review all bankruptcy filings in order to ascertain the appropriateness of venue. In this particular case, a creditor did file a motion; however, the debtor asserts that the motion is untimely.

In order to put that issue into context, the particular facts in this case must be examined. The debtor's petition reveals a residence address in Potts Camp, Mississippi, which is physically located in the Northern District of Mississippi. Schedule A shows the debtor owning real estate in Marshall County, Mississippi, which the debtor claims as exempt on Schedule C.[1] Schedule I shows the debtor having been employed since June, 1995, at Custom Design, Inc., a company in Memphis. At the hearing on this motion, the debtor's counsel stated that the debtor had operated his own business in Memphis within a year before this bankruptcy filing; however, nothing in the petition confirms a specific date. Question 16 on the Statement of Financial affairs has a response that the debtor operated Stan M. McCall Construction Co. as a sole owner within two years before the filing, but, according to Schedule I, prior to his employment at Custom Design he had been employed from January to June, 1995, at Allen & O'Hara. The response to question 1 on the Statement of Financial Affairs is that the debtor's construction company was his source of income in 1993 and 1994. Apparently, the debtor's sole proprietorship construction company was out of business for more than one hundred and eighty days immediately preceding the commencement of this case. Thus, that business cannot be the basis for venue in this district. 28 U.S.C. § 1408(1). Within two years before the commencement of this case,

---

1. The debtor incorrectly claimed exemptions un-    der Tennessee rather than Mississippi statutes.

according to the response to question 15 on the Statement of Financial Affairs, the debtor resided in Memphis; however, there is nothing to indicate that he had such a residence within the one hundred and eighty days before the commencement of this case. Thus, his residence does not provide a basis for venue in this district. 28 U.S.C. § 1408(1). As concluded in this Court's *Berryhill* opinion, the debtor's employment in this district within the one hundred and eighty days is not a basis for venue here.

■ Having found no proper basis for venue of this case in the Western District of Tennessee, the issue now is whether the creditor filed a timely motion addressing the venue concerns. For a case filed in an improper district, the applicable procedural rule is FED.R.BANKR.P. 1014(a)(2), which provides:

> If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

What constitutes a timely filing of such a motion is not governed by a statutory or rule definition. Some courts have held that such motions, in order to be considered timely, must be filed within sixty days after the case filing. *See, e.g., In re First Summit Development Corp.*, 1989 WL 118552 (Bankr. E.D.Pa.1989); *In re Boca Raton Sanctuary Associates*, 105 B.R. 273 (Bankr.E.D.Pa. 1989); and *In re 1606 New Hampshire Ave. Associates*, 85 B.R. 298 (Bankr.E.D.Pa.1988) (applying such a general rule in order to prevent the debtor and the original filing court from unnecessarily expending resources). However, as the court in Pennsylvania, which previously had adopted this sixty day rule, has recently noted, "courts have properly been more tolerant of later filings of motions to transfer improperly-venued cases than of motions to transfer properly-venued cases for the convenience of the parties." *In re Deabel, Inc.*, 193 B.R. 739, 743 (Bankr. E.D.Pa.1996). "A distinction appears logical to us, because the improperly-venued case should never have been brought to the court in which it was filed in the first instance." *Id.*

The motion in this case was not filed until the ninety-eighth day after the commencement of the case. Coincidentally, it was filed on the last date for filing § 727(a) or § 523(c) complaints concerning objections to discharge or certain types of dischargeability. From the standpoint of case administration, sufficient time had passed before the filing of the motion to permit the chapter 7 trustee to complete his work and to file a report of no distribution to creditors. Moreover, the case file reflects that the debtor entered into reaffirmation agreements with three other creditors. There are interesting facts behind the delay in filing of this venue motion. Mr. Timbs was not scheduled as a creditor nor was he included in the debtor's mailing matrix. Mr. Brown's affidavit asserts that a state court suit was pending against the debtor and that a default judgment containing both compensatory and punitive damages was obtained after the filing and without knowledge of the bankruptcy, but after notice of the motion for default was served upon the debtor and his attorney. Mr. Brown and the debtor's attorney were in communication from July 26, 1995; however, Mr. Brown was not told of the bankruptcy filing until his client learned of it in mid-December, 1995. No explanation, other than mere oversight, has been given to this Court as to why the debtor failed to schedule Mr. Timbs or why the debtor has never amended his petition to add Mr. Timbs as a prepetition creditor. Neither has an explanation been offered as to why the debtor or his attorney failed to inform Mr. Timbs' attorney of the bankruptcy filing. That attorney's affidavit goes on to state that as soon as he learned of the bankruptcy filing from his client, the attorney conducted PACER [2] searches under the name Stan M. McCall in both the Western District of Tennessee and the Northern District of Mississippi, which searches did not reveal a bankruptcy filing. On December 20, 1995, Mr. Timbs furnished a bankruptcy number to his attorney who conducted

---

2. An acronym for Public Access to Court Electronic Records.

a second PACER search and found this bankruptcy filing. On that same date, that attorney contacted an attorney in Memphis, who agreed to file the present motion. Unfortunately, a fax confirmation of that telephone call was misplaced due to remodeling of one of the attorney's office, and the present motion was not filed for approximately thirty more days.

The motion did not contain a request to extend the time for filing § 727(a) or § 523(c) complaints, and that time has now expired. An oral motion was made on the day the creditor's venue motion was heard; however, under FED.R.BANKR.P. 4004(b) and 4007(c), a motion for extension of the time for filing such complaints must be made before the original time has expired. Thus, this Court has no authority to extend Mr. Timbs' time to file complaints that are otherwise time barred. Competing interests are presented by a debtor who would receive a discharge immediately if the case is not dismissed or transferred to a proper venue and by a creditor who was not scheduled in the petition but received actual notice of the bankruptcy in time to permit the filing of a § 727(a) or § 523(c) complaint or a timely motion to extend such filing deadlines. It could be argued that prior to a transfer of venue this Court should grant the general discharge. *See* FED.R.BANKR.P. 4004(c), providing that upon satisfaction of specific conditions "the court shall forthwith grant the discharge." Should this Court transfer venue, the transferee court may or may not set a new bar date for filing such complaints. *See, e.g., Nicholson v. Isaacman (In re Isaacman),* 26 F.3d 629 (6th Cir.1994) (discussing a creditor's reasonable reliance upon a transferee court's erroneous setting of new bar dates for such complaints).

■ To add to the interesting mix of factual issues, the debtor's attorney stated at the motion hearing that the debtor no longer lived in the Northern District of Mississippi, but that he now lived in Paris, Tennessee, which is in the Eastern Division of the Western District of Tennessee. This move was made after the filing of this case, and venue is determined as of the date of the commencement of the case. However, it would appear that transfer of the case at this point to the Northern District of Mississippi would be convenient only to the moving creditor and would be an unnecessary burden on the bankruptcy court for that district.

The Court has considered the particular facts and circumstances presented in this case and finds that the creditor's venue motion was filed timely. Venue was never proper in this district, and upon the filing of a timely motion this Court is without authority to retain the case. On one hand, it can be argued that the creditor had sufficient notice in order to permit that creditor to fully protect his rights in this case, including the filing of a motion to extend the deadline for filing time barred discharge and dischargeability complaints. However, the equities do not favor the debtor, who allowed this situation to develop by failing to schedule this creditor, failing to amend his bankruptcy petition to add Mr. Timbs, and failing to alert Mr. Timbs' attorney and the Mississippi state court of the bankruptcy filing so as to save that attorney and court the expense and time of pursuing a judgment against the debtor.[3] The debtor should not be allowed to plead the creditor's delay in filing a venue motion when the debtor's actions misled that creditor. The Court will not reward the debtor with a discharge in an improperly venued case under the circumstances presented here.

■ Fairness requires that the parties be restored to a level playing field, and transfer of the case to the Northern District of Mississippi will not accomplish that result. Under FED.R.BANKR.P. 1014(a)(2) a transfer of the case at this point is not "in the interest of justice." Nor would it be for the mutual "convenience of the parties." Therefore, the Court will dismiss this bankruptcy case. The dismissal will be without prejudice to the debtor filing another bankruptcy case in an appropriate venue. Should the debtor refile, and assuming Mr. Timbs is scheduled and

---

**3.** The debtor has not asserted that the judgment violated the automatic stay, and that issue is not before the Court.

has notice of that refiling, Mr. Timbs and the debtor will have an opportunity in an appropriate court to litigate the dischargeability of this particular debt or the debtor's entitlement to a general discharge. Dismissal of the case will not prejudice other creditors, including those who entered into reaffirmations with the debtor, as the debtor will not be receiving a discharge in this case.

Based upon these findings of fact and conclusions of law, it is therefore ORDERED that the creditor's motion to dismiss this chapter 7 case is granted and this case is dismissed without prejudice to the debtor refiling a bankruptcy case in a proper venue. The Clerk shall notice all creditors, interested parties, the case trustee, and the United States Trustee of the dismissal of this case.

SO ORDERED.