**In re Trent H. & Patricia A. MILES, Debtors.**

**No. 04–42238 JTL.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

June 24, 2005.

Brace W. Luquire, Columbus, GA, for Debtors.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On October 29, 2004, the court held a hearing on the United States Trustee's Motion to Dismiss or Transfer Venue. At the conclusion of the hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutes, rules, and case law, the court makes the following findings of fact and conclusions of law.

### PROCEDURAL HISTORY

The Debtors filed a voluntary Chapter 13 petition in the Middle District of Georgia, Columbus Division on September 16, 2004. The Debtors listed their address in Phenix City, Alabama. The United States Trustee filed a Motion to Dismiss or Transfer Venue on October 7, 2004. At the hearing on October 29, 2004, the Debtors presented three main arguments. First, the Debtors argued that the court should revisit its decision in *In re Swinney*, 300 B.R. 388 (Bankr.M.D.Ga.2003); *aff'd, Swinney v. Turner*, 309 B.R. 638 (M.D.Ga.2004); *dismissed as a nonfinal*

*order, Swinney v. U.S. Trustee,* No. 04–12639–FF (11th Cir. Aug. 11, 2004). Second, the Debtors argued that the United States Trustee was not a party in interest with standing to file a motion to dismiss or transfer due to improper venue. Finally, the Debtors argued that the United States Trustee Program is unconstitutional because it does not apply in all fifty states and is therefore not a uniform law respecting bankruptcy. The constitutional issue was reserved and briefs were submitted regarding the issues of reconsideration of the *Swinney* decision and the United States Trustee's standing to bring the motion.

The court did not reject its earlier position from the *Swinney* case. The court also determined that the United States Trustee had standing under 11 U.S.C. § 307. *In re Miles,* No. 04–42238–JTL (Bankr.M.D.Ga. Feb. 22, 2005). Now the court addresses the constitutional challenge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The United States Trustee Program is not implemented in North Carolina or Alabama. At first this was a temporary measure, but later under the Federal Courts Improvement Act of 2000, Pub L. 106–518 § 501, 114 Stat. 2421 (2000), North Carolina and Alabama were allowed to remain outside the United States Trustee program indefinitely. The issue is whether this discrepancy constitutes a violation of the constitutional mandate that Congress "establish ... uniform Laws on the subject of Bankruptcies." U.S. Const. Art. I, § 8, cl. 4.

The Debtors suggest that the court could find either that the United States Trustee Program, or that the Federal Courts Improvement Act fails to meet the constitutional requirement of uniformity. However, the lack of uniformity that the Debtors complain about is not the United States Trustee Program in and of itself, rather it is that the program is not applied in Alabama or North Carolina. Thus, the issue revolves around the Federal Courts Improvement Act, which enables the Bankruptcy Administrator Program and the United States Trustee Program to co-exist.

The United States Trustee presented three main arguments: 1) that the Debtors cannot carry their burden to invalidate the statute, 2) that the Debtors lack standing to challenge the constitutionality of the United States Trustee Program, and 3) that the United States Trustee Program and the Bankruptcy Administrator System do not violate the uniformity clause.

Although the Federal Courts Improvement Act, which allows certain states to not participate in the United States Trustee Program, may appear violative of the uniformity provision of the Constitution, the Debtors have not carried the heavy burden to invalidate the statute. Further, the Debtors failed to show that they would be injured by having their case administered by the Bankruptcy Administrator Program rather than the United States Trustee Program. Thus, the Debtors do not have standing to challenge the constitutionality of the Federal Courts Improvement Act.

### I. BURDEN

■ The Eleventh Circuit set forth the rule for the burden a moving party bears to challenge the constitutionality of a statute:

> The general rule is that for a facial challenge to a legislative enactment to succeed, the challenger must establish that no set of circumstances exists under which the Act would be valid. The fact

that a legislative act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid. This heavy burden makes such an attack the most difficult challenge to mount successfully against an enactment.

*Horton v. City of St. Augustine*, 272 F.3d 1318, 1329 (11th Cir.2001) (citations omitted).

This is a difficult standard to meet in order to challenge the legislation. The Debtors have not carried this burden because they have failed to show that cases are administered any differently between the Bankruptcy Administrator Program and the United States Trustee Program. The Debtors have failed to show that "no set of circumstances exists under which the Act would be valid" because the law could be construed as uniform if the programs operate the same. Thus, this heavy burden is not met in the present case.

## II. STANDING

■■■ The United States Trustee states that there are three well-settled requirements for constitutional standing:

First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*United States v. Hays*, 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

The Debtors are residents of Alabama, which implements the Bankruptcy Administrator System, but have filed for bankruptcy protection in Georgia, which is under the United States Trustee Program. The Debtors have not alleged or established that the Bankruptcy Administrator Program and the United States Trustee Program administer cases any differently. The Debtors have not shown any harm they will suffer by having their case transferred to a Bankruptcy Court in a state that does not participate in the United States Trustee Program. In fact, they seem to indicate that the program is a bureaucratic morass that should be dismantled. *See Debtors' Brief*, p. 11 ("While a finding that the United States Trustee Program is unconstitutional thereby dismantling an inefficient expensive bureaucracy and replacing it with the bankruptcy administrator system or private trustee might be worthwhile....").

The Debtors are residents of a state under the Bankruptcy Administrator Program, which is fatal to their argument. The Debtor cites authority which indicates that the United States Trustee Program is less efficient than the Bankruptcy Administrator Program. *See St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1529–32 (9th Cir.1994); Dan J. Schulman, *The Constitution, Interest Groups, and the Requirements of Uniformity: The United States Trustee and the Bankruptcy Administrator Programs*, 74 Neb. L.Rev. 91, 123–27 (1995); Peter C. Alexander, *A Proposal to Abolish the Office of the United States Trustee*, 30 U. Mich. J.L. Reform 1 (1996). The Debtors have not shown that they are harmed under the Bankruptcy Administrator Program, therefore they do not meet the first prong of the test presented in *Hays*. An "injury in fact" is required for the second and third prongs as well. Therefore, the Debtors lack standing.

The issue of who would have standing to address whether the two systems meet the uniform requirement is addressed in the Alexander article, which discusses the constitutional challenge presented in *St. Angelo* and indicates that only a debtor in a case filed in Alabama or North Carolina would be able to successfully raise the constitutional issue. *Id.* at 18–21. In *St. Angelo*, the debtors in a United States Trustee Program objected to paying the Trustee fees, because those debtors in a Bankruptcy Administrator Program state were not required to pay fees. The Ninth Circuit agreed that this violated the uniformity requirement, but instead of "relieving the debtor from paying the United States Trustee fees, as [the debtor] had requested" the court held that the Bankruptcy Administrator Program was unconstitutional. *Id.* at 18. This Ninth Circuit decision had no binding effect because the two states under the Bankruptcy Administrator Program are in the Eleventh Circuit (containing Alabama) and the Fourth Circuit (containing North Carolina).

Alexander states that until a similar challenge is mounted from one of those states under the Bankruptcy Administrator Program, the Ninth Circuit's decision will have no practical effect. Further, Alexander notes that such a challenge will never happen because "[n]o reasonable debtor in North Carolina or Alabama will object to paying less money to a Bankruptcy Administrator than the debtors in the other forty-eight states pay to a U.S. Trustee." *Id.* at 20 (Subsequent to *St. Angelo* and this article, 28 U.S.C. § 1930(a)(7) was added to allow the collection of the same fees from debtors in courts in states that are not a part of the United States Trustee Program).

It seems that the problem with this reasoning is that no debtor in North Carolina or Alabama can show an injury in fact as required under *Hays*. Instead, the proper vehicle to question the constitutionality of the United States Trustee Program would be a debtor residing in the Eleventh or Fourth Circuit in a state with the United States Trustee Program. For example, if the Miles were residents of Georgia and wanted to file in Alabama, they might be able to show an injury in fact by not being a part of the Bankruptcy Administrator Program. If affirmed at the Eleventh Circuit Court of Appeals, the decision would be binding on Alabama.

In addition to not being harmed by the Bankruptcy Administrator Program, the Debtors do not have an injury in fact by being required to file in the proper venue. The Debtors wish to file their case in Columbus, Georgia rather than Phenix City, Alabama. However, the proper venue for these Alabama residents is in their home state. They cannot logically argue that filing in the improper venue is a legally protected interest. Further, the Debtors have legal recourse to change venue, since they could file in the appropriate district and then move to transfer for convenience.

The Debtors are not being harmed by having their case administrated in Alabama by the Bankruptcy Administrator Program rather than the United States Trustee Program. Indeed, it appears from their own argument that they may even be better off under the Bankruptcy Administrator Program. Under *Hays*, because the Debtors have not suffered an "injury in fact" they do not have standing.

## III.  THE UNIFORMITY CLAUSE

As the court has determined that the Debtors do not have standing to bring this

motion and have not met their burden, it is not required to reach the issue of whether the Federal Courts Improvement Act of 2000, Pub L. 106–518 § 501, 114 Stat. 2421 is constitutional. "Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision." *Jean v. Nelson*, 472 U.S. 846, 854, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985) (citations omitted). Therefore, the court will not reach this issue.

## *CONCLUSION*

As the court has determined that the Debtors do not meet the heavy burden to challenge the constitutionality of the Federal Courts Improvement Act and do not have standing, the court will grant the United States Trustee's Motion to Dismiss or Transfer Venue in this case. While it is unclear why the United States Trustee's office would exert so much time, effort, and resources in prosecuting these change of venue motions, which result in lost fees to the United States Trustee Program and the trustees it supervises, the law supports the motion.

An order in accordance with this Memorandum Opinion will be entered transferring this case to the United States Bankruptcy Court for the Middle District of Alabama.