**In re PICKETT, Susan J., Debtor.**

**Bruce, David M. & Stephanie L., Debtors,**

**McRae, James, Debtor,**

**Cook, Yvonne C., Debtor,**

**Lagrand, Louvenia M., Debtor,**

**Cooper, Dianne, Debtor,**

**Burrell, Angela C., Debtor,**

**Gilboy, Jerome T. & Janet G., Debtors,**

**Skinner, Kenneth C. & Leane B., Debtors,**

**Kirkland, Rosella, Debtor,**

**Voss, David S., Debtor,**

**Cochran, Stephanie E., Debtor,**

**Carr, Archie J. & Reba G., Debtors.**

**Nos. 04–42768 JTL, 04–42805 JTL, 04–42887 JTL, 04–42810 JTL, 04–42787 JTL, 04–42754 JTL, 04–42793 JTL, 04–42888 JTL, 04–43011 JTL, 04–40241 JTL, 04–40018 JTL, 04–49483 JTL, 04–40559 JTL.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

July 15, 2005.

Valerie G. Long, Teresa Carswell Howard, Elizabeth W. McBride, Alexander V. Pinter, Brace W. Luquire, Columbus, GA, for Debtors.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On February 24, 2005, the court held a hearing on the United States Trustee's Motion to Dismiss or Transfer Venue. At the conclusion of the hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutes, rules, and case law, the court makes the following findings of fact and conclusions of law.

### PROCEDURAL HISTORY

The debtors in these cases are residents of Alabama who filed voluntary petitions for bankruptcy in the Middle District of Georgia, Columbus Division. On February 24, 2005, the first hearings were held on the United States Trustee's Motions to Dismiss or Transfer for Improper Venue in several cases. The counsel for the debtors in these cases objected that the Motions were not timely filed as required by Bankruptcy Rule 1014(a)(2). In addition, there were ongoing objections to the United States Trustee's previous Motions to Dismiss or Transfer for Improper Venue on other grounds. See *In re Miles,* No. 04–42238–JTL (Bankr.M.D.Ga. Feb. 22, 2005); *In re Miles,* No. 04–42238–JTL, 2005 WL 2211396, 330 B.R. 861 (Bankr. M.D. Ga. June 24, 2005).

Since February, the United States Trustee has made several more Motions to Dismiss or Transfer for Improper Venue. Those cases were challenged by the Debtors on either the timeliness issue, or those issues raised in *Miles,* or both. In addition to the hearings held on February 24, 2005, there were hearings on the United States Trustee's Motions to Dismiss or Transfer for Improper Venue in subsequent cases on March 1, March 21, and June 3, 2005. The court reserved judg-

ment regarding the timeliness of these Motions until letter briefs were received by the parties and until the issues were resolved in the *Miles* case. The court determined in *Miles* that the United States Trustee has standing to bring these Motions and that the United States Trustee Program is not violative of the uniformity provision of the Constitution. *Id.* The court now turns to the issue of timeliness.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In these matters, the Debtors raised the issue of whether the United States Trustee's Motions to Transfer or Dismiss for Improper Venue were timely filed as required under Bankruptcy Rule 1014(a)(2). Both the United States Trustee and the Debtors admit that there is case little law in regard to this issue.

The Debtors urge the court to establish a bright-line rule that motions brought by the United States Trustee under Bankruptcy Rule 1014(a)(2) after thirty days should be considered untimely. While one court has established such a rule for sixty days,[1] it appears most courts look to the facts and circumstances of each case to determine timeliness.[2]

### A. The Sixty Day Rule

The sixty day rule is articulated in a line of cases from the Eastern District of Pennsylvania. "We have repeatedly held that motions seeking changes of venue under 28 U.S.C. § 1412 must be brought within 60 days after the case filing, or will be deemed too late." *In re Deabel, Inc.*, 193

B.R. 739, 743 (citations omitted). However, this was never a hard-and-fast rule. Rather, it was a guideline used in conjunction with the facts and circumstances of the case.

In *First Summit Development Corp.*, the court stated concern about the timing of a creditor's motion to transfer because it was "filed beyond the 60–day benchmark." 1989 WL 118552, slip op. at *1. However, the court did not deny the motion based solely on the sixty day rule. Rather the court sought reasons for the delay and looked at what had transpired in the case at that point. In answer to the court's inquiry about the delay, the creditor's counsel "could provide no justification for the delay in filing, except the unexplained failure of his client to retain him sooner." *Id.* The court went on to state that as a result of the delay, "many matters are already scheduled in this case, including a Plan and Disclosure Statement which we shall, in our accompanying order, nudge towards confirmation." *Id.*

Like *First Summit Development Corp.*, the court in *Deabel*, 193 B.R. 739, noted the sixty day rule, but then looked at what had occurred in the case. The court allowed the transfer in *Deabel*, even though the sixty days had passed because no "matter of substance involving [the creditor] was litigated prior to" the transfer motion. *Id.* at 744. The court went on to state that "it is further true that the Debtor has filed its plan and disclosure statement in this case. However, not so much as the hearing on the disclosure statement has as yet transpired.... We therefore cannot conclude that *sufficiently substan-*

---

1. *In re First Summit Development Corp.*, 1989 WL 118552, slip op. at *1 (Bankr.E.D.Pa. Oct. 5, 1989); *In re 1606 New Hampshire Avenue Assoc.*, 85 B.R. 298, 305 (Bankr.E.D.Pa.1988).

2. *Bryan v. Land (In re Land)*, 215 B.R. 398, 403 (8th Cir. BAP 1997). *See also In re McCall*, 194 B.R. 590, 593 (Bankr.W.D.Tenn. 1996); *In re Deabel, Inc.*, 193 B.R. 739, 743 (Bankr.E.D.Pa.1996).

*tial developments have transpired overall in this case* in general as to render the [creditor's] Motion untimely filed." *Id.* (emphasis added).

Another example of the same court using the sixty day rule as a guideline is found in *In re 1606 New Hampshire Avenue Assoc.*, 85 B.R. 298. There, the court found the creditor's motion to be timely. *Id.* at 305. The creditor's motion was brought within the sixty days, but the court went on to note that "the first major motion was not yet decided before the venue-change motion was filed." *Id.*

■ In light of these cases, it appears that, while sixty days serves as a guideline, the court still looks to facts and circumstances of the case, particularly what has transpired in the case. Further, while several cases cited used sixty days as a benchmark, no cases were cited that found a motion filed within thirty days of the bankruptcy filing was untimely.

## B. Facts and Circumstances Analysis

In *In re McCall*, the court determined that a motion brought by the creditor ninety-eight days after the bankruptcy filing was timely. The court noted the sixty day rule, but instead considered the facts and circumstances of the case, stating "[w]hat constitutes a timely filing of such a motion is not governed by a statutory or rule definition." 194 B.R. 590, 592. There, the debtor did not list the creditor on his schedules and misled the creditor, which delayed the filing of the motion. *Id.* at 592–93. Because the "equities [did not] favor the debtor, who allowed this situation to develop" the court found the motion was timely. *Id.* at 593.

Similarly, in *Bryan v. Land (In re Land)*, 215 B.R. 398, the court looked to the facts and circumstances of the case, but determined that a motion filed after confirmation was not timely. The court

noted that there was "no question that the venue was improper," yet found the motion untimely because the creditor had notice of the bankruptcy at least twenty days before the confirmation hearing and failed to act until after the plan was confirmed. *Id.* at 403. The court focused not only on the creditor's knowledge of the filing and the lack of explanation for waiting to file the motion, but also that the creditor was seeking to "undo all that had been done." *Id.*

Even if a great deal of time has passed, that alone is not determinative. For example, one court found a motion was timely that was filed a year and a half after the bankruptcy was filed. *In re EDP Medical Computer Systems, Inc.*, 178 B.R. 57 (M.D.Pa.1995). *But cf. In re Jones*, 39 B.R. 1019 (Bankr.S.D.N.Y.1984). In *EDP Medical Computer Systems, Inc.*, the debtor pointed out that the movant had knowledge of the bankruptcy and failed to act. However, the court determined that the movant, the United States, was not a party in interest and therefore could not file a motion to transfer until the adversary complaint was filed against it. *EDP Medical Computer Systems, Inc.*, 178 B.R. at 63.

In contrast, the debtor in *Jones* brought a motion to transfer venue a year and a half after the case was involuntarily filed against him and the court determined it was untimely. 39 B.R. at 1020. In *Jones*, the court focused on the "advanced stage" of the case which "would result in duplication of administrative expenses and a delay in the reorganization process." *Id.* The court cited the Advisory Committee Notes, Fed. R. Bankr.P. 1014(a)(1983) as authority to deny the motion and retain the case. *Id.*

The Advisory Committee Notes, Fed. R. Bankr.P. 1014(a) state:

Subdivision (a) protects the parties against being subjected to a transfer except on a timely motion of a party in interest. If the transfer would result in fragmentation or duplication of administration, increase expense, or delay closing the estate, such a factor would bear on the timeliness of the motion as well as on the propriety of the transfer under the standards prescribed in subdivision (a). Subdivision (a) of the rule requires the interests of justice and the convenience of the parties to be the grounds of any transfer of a case or of the retention of a case filed in an improper district. *Id.*

The court in *In re Blagg*, 223 B.R. 795 (10th Cir. BAP 1998), also referred to the Advisory Notes, but came to the opposite conclusion. *Blagg* dealt with a motion by the United States Trustee to transfer for improper venue. The debtors claimed that the Trustee's motion to transfer was untimely. The debtors contended that the motion should have been filed "prior to the first meeting of creditors, rather than nineteen days afterwards." *Id.* at 802. The court discussed Advisory Committee Notes, Fed. R. Bankr.P. 1014(a) and disagreed with the debtors because the Trustee only learned that the debtors had no basis for venue after the meeting of creditors. Further, the court found the motion timely because " 'absolutely nothing' happened in the case during that time." *Id.*

## C. Application of Facts and Circumstances Analysis

The court does not adopt a bright-line rule that motions brought under Bankr. Rule 1014(a)(2) are untimely either thirty or sixty days after the filing of the petition. Instead, the court will now turn to the facts and circumstances of the cases.

■ The United States Trustee filed Motions to Transfer or Dismiss for Im-

proper Venue at various times in the different cases, ranging from seventy-three days after filing to sixteen days after filing. In some cases the Motion came prior to the first meeting of creditors, while in other cases the Motion was filed up to twenty-six days after the first meeting of creditors. No cases were discharged or confirmed before the Motion to Transfer or Dismiss was filed. However, in many of these cases at the time the Motion was filed it cannot be said that "absolutely nothing" had happened in the cases, as in *Blagg.*

In Pickett, Case No. 04–42768–JTL, the first meeting of creditors occurred, there were two orders avoiding liens with creditors, and a reaffirmation agreement before the United States Trustee's Motion was filed. Further, the case was discharged on March 11, 2005, shortly after the February 24th hearing on the United States Trustee's Motion.

In Bruce, Case No. 04–42805–JTL, the first meeting of creditors occurred and the Chapter 7 Trustee's report of no assets was submitted before the United States Trustee's Motion was filed. Like Pickett, the case was discharged on March 9, 2005, shortly after the February 24th hearing on the United States Trustee's Motion.

In McRae, Case No. 04–42887–JTL, the first meeting of creditors occurred and a relief from stay motion was filed prior to the United States Trustee's Motion. Like Pickett, the case was discharged on March 8, 2005, shortly after the February 24th hearing on the United States Trustee's Motion.

In Skinner, Case No. 04–43011, the first meeting of creditors occurred, there was an order granting relief from the stay after a hearing, and four reaffirmation agreements before the United States Trustee's Motion was filed. Further, the Chap-

ter 7 Trustee filed a report of no assets on March 30, 2005, shortly after the March 21st hearing on the United States Trustee's Motion. The case was discharged a month after the hearing on the United States Trustee's Motion.

In Cook, Case No. 04–42810–JTL; LaGrand, Case No. 04–42787–JTL; Cooper, Case No. 04–42754–JTL; and Burrell, Case. No 04–42793–JTL, the first meeting of creditors occurred prior to the United States Trustee's Motion. Further, the cases had confirmation hearings on February 8, 2005, just over a week after the Trustee's Motion was filed and well before the March 1st hearing on the United States Trustee's Motion. Confirmation orders were entered in all of these cases shortly after the confirmation hearings took place and before the hearing on the Trustee's Motion.

Similarly, in Gilboy, Case No. 04–42888–JTL, the first meeting of creditors occurred prior to the United States Trustee's Motion. The confirmation hearing was on February 22, 2005, before the March 1st hearing on the United States Trustee's Motion, and it was subsequently confirmed.

Finally, in Cochran, Case No. 05–40483 and Carr, Case No. 05–40559–JTL, the first meeting of creditors occurred before the United States Trustee's Motion was filed. Further, the cases had confirmation hearings on June 6, 2005, just days after the June 3rd hearing on the United States Trustee's Motion. Orders were entered confirming these cases shortly after the confirmation hearings.

There are "sufficiently substantial developments" that have transpired in the foregoing cases prior to the Motion by the Trustee. *See First Summit Development Corp.*, *supra* at 868–69. There is no evidence that the Debtors in any of these cases deliberately misled the United States Trustee so that the equities would not favor them, like in *McCall. Supra* at 869. Due to the proximity in time of the United States Trustee's Motions and the time of discharge or confirmation of these cases, it is determined that the cases were in an "advanced stage" which "would result in duplication of administrative expenses and a delay in the reorganization process." *See Jones* and Advisory Committee Notes, Fed. R. Bankr.P. 1014(a), *supra* at 869–70.

Further, in Pickett, Bruce, and Skinner, there had been reaffirmation agreements, orders avoiding liens, an order granting relief from the stay, and a Trustee's no asset report. These cases are not like *1606 New Hampshire Avenue Assoc.*, where "the first major motion was not yet decided before the motion was filed." *Supra* at 868–69.

For the foregoing reasons, the United States Trustee's Motions to Transfer or Dismiss for Improper Venue in the above cases are denied as untimely.

■ However, in Kirkland, Case No. 05–40241, and Voss, Case No. 05–40018, the United States Trustee's Motion and the hearing on the Motion occurred prior to the first meeting of creditors, the Chapter 7 Trustee's report of no assets, and the discharge of the cases. Like *1606 New Hampshire Avenue Assoc.*, "the first major motion[s] [were] not yet decided before the motion[s] [were] filed." *Supra.* Therefore, in Voss and Kirkland the United States Trustee's Motions are timely and the court will grant the Motions to Dismiss or Transfer for Improper Venue in these cases.

### CONCLUSION

As the court has determined that the United States Trustee's Motions to Dismiss or Transfer for Improper Venue in

the Pickett, Bruce, McRae, Cook, LaGrand, Cooper, Burrell, Gilboy, Skinner, Cochran, and Carr cases are untimely, the court will deny Motions to Dismiss or Transfer Venue in these cases.

The court finds that the United States Trustee's Motions in the Voss and Kirkland cases are timely. Therefore the court will grant the United States Trustee's Motion to Transfer Venue in these cases.

Orders in accordance with this Memorandum Opinion will be entered denying the United States Trustee's Motion to Dismiss or Transfer Venue in the Pickett, Bruce, McRae, Cook, LaGrand, Cooper, Burrell, Gilboy, Skinner, Cochran, and Carr cases, and transferring the Voss and Kirkland cases to the United States Bankruptcy Court for the Middle District of Alabama.